NESBITT, Judge.
The state appeals from an order suppressing tangible evidence of drugs and weapons seized from the juvenile. We reverse.
At approximately 3:00 a.m., a police officer observed an altercation in the parking lot of a bowling alley. The juvenile and a companion were standing by their car, exchanging shouts and threats with a group *988 of eight to twenty other people. Two other officers arrived and attempted to disperse the crowd. One policeman asked the juvenile, who had partially re-entered the vehicle, to step outside the car. As he complied with this request, a pair of brass knuckles fell from the vehicle. At about the same time, someone in the crowd shouted that there was a gun. Bending down to pick up the brass knuckles, the officer looked into the car for a gun and saw marijuana cigarettes in an open ashtray. The officer then arrested the juvenile and patted him down for weapons. A large knife was found concealed in his pocket. Subsequently, the police searched the vehicle and uncovered a pistol, a bag of marijuana, and a “roach clip.” Finding that these drugs and weapons were illegally seized, the trial court granted the juvenile’s motion to suppress. We reverse.
We need not consider whether there was a lawful stop of the vehicle because the automobile and its occupants were already stationary for reasons unrelated to the police activity. State v. Williams, 371 So.2d 1074 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 771 (Fla.1980). The de minimis intrusion involved in ordering the juvenile to get out of his vehicle was justified by the potential risk to the officer in approaching a volatile situation. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).
Having found that the officers were where they had a right to be, it follows that the officers properly seized the brass knuckles and marijuana cigarettes, both of which were of an apparently incriminating nature and observed in open view. Cobb v. State, 378 So.2d 82 (Fla. 3d DCA 1980); State v. Hughes, 375 So.2d 615 (Fla. 3d DCA 1979); State v. Flores, 305 So.2d 292 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 189 (Fla.1975). At that point, the officers effectuated a valid arrest, subsequent to which they properly searched the juvenile and the vehicle. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981).
Because we find that the officers’ activities were lawful and proper, we reverse the order suppressing the evidence of the drugs and weapons and remand for further proceedings.
Reversed and remanded.