NESBITT, Judge.
The defendant appeals from the trial court order denying his motion to suppress a handgun. We affirm.
At approximately 11:30 p.m., while on routine patrol, two officers observed an automobile parked in the back alley of a business district known to be a high-crime area. None of the businesses in the vicinity were open at that hour. A female was leaning into the parked car talking to the two male occupants. As the officers drove into the parking lot, the woman saw them and fled; meanwhile, the two males sped away from the scene. The female ran to an orange Cadillac located in the rear parking lot of a closed store and threw something into the automobile. She then turned and began to approach the officers. At this point, the officers first observed the defendant seated in the Cadillac and saw him shove a black clutch bag underneath the seat of the automobile. One officer asked the defendant to step out of the automobile and requested identification. The defendant responded that it was in his clutch bag *765 and started to retrieve it when he was stopped by the officer. The policeman testified that he would not allow the defendant to reach under the seat because he was afraid of what the defendant might be reaching for. The defendant made a second attempt but the officer again stopped him. The defendant tried to stop the officer from ' reaching under the seat; however, the officer finally retrieved the bag himself. Inside was a .38 caliber revolver, a pair of handcuffs, and the defendant’s identification.
We find that the police officers’ activities with respect to the defendant were lawful. As was true in the recent case of State v. M.N.M., 423 So.2d 987 (Fla. 3d DCA 1982), we need not consider whether there was a lawful stop of the vehicle because the automobile and its occupant were already stationary for reasons unrelated to the police activity. See State v. Williams, 371 So.2d 1074 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 771 (Fla.1980).
Thus, we need only decide whether the circumstances warranted the officer’s conclusion that it was necessary to protect himself by searching the bag which had been shoved under the seat. The defendant’s furtive movement to hide the bag, as well as his subsequent insistence upon retrieving it himself, created an articulable suspicion that the defendant might be armed. State v. Brown, 395 So.2d 1202 (Fla. 3d DCA), pet. for review denied, 407 So.2d 1102 (Fla.1981); Brown v. State, 358 So.2d 596 (Fla. 2d DCA 1978); Stevens v. State, 354 So.2d 110 (Fla. 3d DCA 1978); Lyles v. State, 312 So.2d 495 (Fla. 1st DCA 1975). The officer was therefore justified in searching the immediate area in which the defendant’s actions indicated that a weapon might be hidden. Brown v. State, supra.
This case is distinguishable from Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978) relied upon by the defendant. The defendant, in Currens, was sitting in a legally parked car at 1:30 a.m. After observing the ear for a few minutes and seeing no unusual activity, the officer approached the vehicle. At that point, the defendant made a quick movement of his hands between his legs. The court reasoned that, in light of the defendant’s otherwise innocent activity, the quick movement of the defendant’s hands did not, in and of itself, constitute founded or reasonable suspicion.[1] In the present case, it cannot be said that the defendant’s activities were otherwise innocent.
Consequently, we hold that the facts of the present case satisfy the requirements of Section 901.151, Florida Statutes (1981) and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and, accordingly, we affirm.

. The court further stated that the hand movement did not constitute probable cause to enable the officer to order the defendant out of his car. That statement, although it did not alter what we view to be the otherwise correct result of that case, is contrary to State v. Williams, 371 So.2d 1074 (Fla. 3d DCA 1979) wherein this court recognized the principles enunciated in Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) to the effect that the de minimis intrusion involved in asking one out of the car cannot prevail against legitimate concerns for the officer’s safety. See also State v. M.N.M., supra.