471 So.2d 155 (1985)
Arthur WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 84-5, 84-97.
District Court of Appeal of Florida, Third District.
June 11, 1985.
*156 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
Defendant, Wright, appeals his convictions for burglary and grand theft, an order revoking his probation, and his sentence on revocation of probation. The main focus of the appeal is the trial court's denial of his motion to suppress evidence seized during an allegedly unlawful prior arrest for loitering and prowling.
Having served forty-four months after a conviction and sentence for manslaughter, Wright was released to complete a three-year term of probation. The subsequent offenses occurred while he was on probation. The events leading up to his arrest for the later offenses are as follows.
While on patrol in the afternoon of September 12, 1983, Officer Lindahl noticed an automobile parked along the roadside a block from residential homes near the Biscayne Dog Track. The vehicle appeared to be unoccupied. No races were being run at the track during that hour of the day. The license tag on the rear of the automobile was partially obscured, in violation of the law, by a dirty rag. That observation led *157 to an investigatory stop by the officer. As the officer approached the vehicle, Wright, who had been lying across the seat, sat up. Officer Lindahl approached the driver's side of the vehicle, leaned in through the open window, and asked Wright for identification. While waiting for the defendant to produce the identification, the officer noticed a nylon stocking containing miscellaneous jewelry on the right front floorboard. After Wright produced a valid Florida driver's license, he complied with Officer Lindahl's request to get out and accompany the officer to the rear of the vehicle. In explaining why the license plate was covered, Wright stated that the rag, which was being used because the gas tank leaked, must have blown over the plate. Wright lifted the license plate and the officer observed that the gas tank had a regular cap in place.
At that point, defendant was no longer free to leave as the officer continued the investigation. In response to further questioning as to his presence at the location, Wright stated that he was waiting for a friend who had gone to a booth in front of the dog track  approximately 300 feet away  to purchase a program. He explained that the jewelry in the stocking belonged to his girlfriend. Another officer who arrived on the scene was dispatched to the program booth to locate the friend so as to verify Wright's explanation. Although there were people at the track, the friend could not be located. When the other officer returned with his report, Officer Lindahl placed Wright under arrest for loitering and prowling, and seized the stocking-wrapped jewelry. Several days later, Wright was also charged with burglary and grand theft of the jewelry.[1]
The claim made by Wright, as his first point on appeal, is that there was not an articulable and reasonable suspicion of criminal activity which would justify the initial temporary detention nor was there probable cause to seize the jewelry. We disagree.
First, we find that Officer Lindahl, as an officer charged with enforcing the motor vehicle laws of this state, had the authority, even the duty, to investigate why an apparently unoccupied vehicle was parked on the roadway with its license tag obscured, in violation of a motor vehicle statute.[2]See State v. Williams, 303 So.2d 74, 75 (Fla. 3d DCA 1974), dismissed, 314 So.2d 591 (Fla. 1975) (municipal police officer is specifically authorized to enforce traffic laws within the confines of municipality). Once the officer ascertained that the vehicle was occupied, the de minimis intrusion involved in asking the defendant to exit the vehicle and questioning him as to why the license tag was obscured was justified by the totality of the circumstances. See State v. M.N.M., 423 So.2d 987, 988 (Fla. 3d DCA 1982).
A slightly more difficult question is whether the officer had probable cause to detain Wright and question him about his presence at the location. Again, we find that the totality of the circumstances justified the detention. Officer Lindahl found Wright's explanation of why the tag was obscured to be unreasonable. He also at that point had seen, in plain view, the stocking containing jewelry on the front floorboard of the vehicle. On these facts, the officer could legally detain the defendant for further questioning. See generally State v. Outten, 206 So.2d 392, 397 (Fla. 1968) ("When two young men are stopped in a car carrying a license tag issued for another car, and they have no driver's license or logical explanation as to the ownership of the car ... it does not seem unreasonable that they should be detained until the ownership of the car can be determined.")
*158 Furthermore, the seizure of the nylon-stocking-wrapped jewelry was also proper, independent of the validity of the arrest for loitering and prowling. An officer, while engaged in performing his lawful duties, may seize without a search warrant any goods in plain view that he has probable cause to believe are stolen and arrest those persons in whose immediate control the goods may be. State v. Ashby, 245 So.2d 225 (Fla. 1971). Assuming the correctness of defendant's argument that the elements of a loitering and prowling were not proved, the trial court's ruling on the motion to suppress, on authority of Ashby, would still be affirmed.[3]
Our holding on this first issue, that defendant's motion to suppress was properly denied, leaves intact Wright's convictions for burglary and grand theft. We thus affirm also on Wright's asserted second point on appeal, that the trial court erred in revoking his probation. The court was correct in revoking Wright's probation based on a violation of condition 4 of the probation order, which requires that the defendant "live and remain at liberty without violating any law."
The third point raised by the defendant, challenging his sentence on revocation of probation, has merit. The trial court did err in failing to give Wright credit for the three years and eight months he had previously served in prison on the conviction and sentence for manslaughter. We therefore reverse his sentence on revocation of probation and remand with directions for the trial court to give the defendant credit for the time he served on the original sentence. See State v. Jones, 327 So.2d 18 (Fla. 1976); Delgado v. State, 423 So.2d 603 (Fla. 3d DCA 1982); Schell v. State, 379 So.2d 444 (Fla. 3d DCA 1980).
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Several hours after the defendant's arrest, the victim, who resided in the same neighborhood where defendant had been arrested, reported the burglary and theft of the jewelry.
[2] There is no question as to whether a lawful "stop" of the vehicle was made by the officer, since the car was stationary when the officer approached. See State v. M.N.M., 423 So.2d 987, 988 (Fla. 3d DCA 1982).
[3] The charge of loitering and prowling was apparently dropped after the defendant was later charged with burglary and grand theft.