OPINION ON MOTION FOR REHEARING
HARRIS, Judge.
This matter was originally dismissed for lack of jurisdiction because it was an appeal from an order granting a motion rather than from an order specifically suppressing evidence. See Rule 9.140(c)(1)(B), Rules of Appellate Procedure. However, on the authority of State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991), we reinstate the appeal and grant rehearing, determine that we have jurisdiction and proceed on the merits.
Officer Antoszewski of the Altamonte Springs Police Department, while on “mall patrol,” observed Tamberlane Moody walking aimlessly through the parking lot with an unpackaged VCR camcorder mounted to a tripod over his shoulder. There were no price tags attached to the camcorder, but Officer Antoszewski did see plastic on the legs of the tripods. Although the officer had not been advised that a camcorder had been stolen, he was suspicious because of the lack of packaging. He confronted Moody, directed him to place the camcorder on the trunk of the police vehicle, and demanded identification. A computer check revealed that Moody was wanted on a felony charge.
Moody was arrested on the felony warrant and, after it was confirmed that the camcorder was in fact stolen, charged with grand theft. The trial judge determined that Moody’s detention was not based on reasonable suspicion and suppressed the evidence. We agree that this was a detention and not merely a street encounter and further agree that it was improper.
As stated in Romanello v. State, 365 So.2d 220, 221 (Fla. 4th DCA 1978):
[T]he officers had only a “hunch” (although a good one as it turned out), that is, a “bare” or “unfounded” suspicion that something was wrong, which is clearly not sufficient to validate a stop and detention.
Perhaps carrying an unpackaged camcorder over one’s shoulder in a parking lot is unusual. But the mere carrying of an *482 unpackaged purchase (perhaps after buying a floor sample or verifying the contents of a previously packaged purchase) while wandering through a parking lot trying to remember where the car is parked does not justify even a brief seizure.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.