PER CURIAM.
Appellant, State of Florida appeals the suppression of a gun obtained after a war-rantless search of appellee, T.P. We reverse.
Appellee was a passenger in a car which was stopped because it had an expired out-of-state temporary tag. The driver of the vehicle refused to stop. Several police vehicles joined in a chase in order to stop the car.
After the car was stopped and the driver failed to produce a driver's license, the officers asked the occupants to get out of the vehicle. As appellee exited the car, appellee made, what one officer described as, a furtive movement. After appellee exited, he was searched. The search revealed a gun.
Appellee moved to suppress the gun alleging that the officers lacked the articu-lable suspicion necessary to justify a search. Appellee also alleged that the officer who searched appellee conducted the search because appellee was black.
At the hearing on the motion to suppress, the officer who observed appellee’s movements testified that appellee’s furtive movement was the reason for the search of appellee. Other officers testified that ap-pellee was searched because he fit a profile, and for the officers’ safety.
The existence of probable cause is measured by an objective standard, not based on an officer’s underlying intent or subjective motivation. Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168, reh. denied, 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978); Padron v. State, 449 So.2d 811 (Fla.1984).
Although some of the officers’ reasons for suspecting that appellee was armed were unwarranted and not based on any law, we find that the furtive gesture which the officer observed was sufficient to justify a pat down of appellee. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); see also Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).
Accordingly, we reverse the suppression of the gun and remand for further proceedings. Reversed and remanded.
NESBITT and GERSTEN, JJ., concur.