593 So.2d 594 (1992)
The STATE of Florida, Appellant,
v.
James JOSEPH, Appellee.
No. 91-1411.
District Court of Appeal of Florida, Third District.
February 11, 1992.
*595 Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, and Consuelo Maingot, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, State of Florida, appeals the suppression of evidence in a sale of cocaine prosecution against appellee, James Joseph. We reverse.
Appellee sold cocaine to an undercover police officer in a hand-to-hand transaction. The undercover officer paid appellee with a marked $20 bill.
Once the transaction was complete, the undercover officer radioed a very detailed physical description of appellee and his clothing, to the arresting officers waiting nearby. The arresting officers stopped appellee and recovered $750 in currency from his pockets, including the marked bill.
Appellee moved to suppress all physical evidence. The trial court suppressed the $20 bill, but not the cocaine. The trial court ruled that the bill was inadmissible because it was the product of a pre-arrest search.
The issue of whether the money retrieved from appellee's pockets is admissible depends on whether the search of appellee was legal. The legality of the search depends on whether the officers who searched appellee had probable cause to arrest appellee.
The probable cause standard for a law enforcement officer to make a legal arrest is whether the officer has reasonable grounds to believe the person has committed a felony. Blanco v. State, 452 So.2d 520 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); see also Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990).
A description provided in a police BOLO, coupled with proximity in time and place to the scene of crime, furnish reasonable grounds for an officer's belief that appellant had committed a felony. See Blanco v. State, 452 So.2d at 523; see also United States v. Wilson, 894 F.2d 1245 (11th Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 3284, 111 L.Ed.2d 792 (1990); Carroll v. State, 497 So.2d 253 (Fla. 3d DCA 1985), review denied, 511 So.2d 297 (Fla. 1987).
Finally, where probable cause exists, the validity of a search is unaffected by the fact that the search occurred before the arrest. T.M. v. State, 570 So.2d 1129 (Fla. 3d DCA 1990); Baggett v. State, 562 So.2d 359 (Fla.2d DCA 1990); State v. James, 526 So.2d 188 (Fla. 3d DCA 1988); Acosta v. State, 431 So.2d 715 (Fla. 3d DCA 1983); Moreland v. State, 552 So.2d 937; *596 review denied, 562 So.2d 346 (Fla. 2d DCA 1989).
We find that in this case there was probable cause to arrest appellee for the sale of cocaine. Accordingly, the pre-arrest search and retrieval of the marked bill is admissible. Therefore, we reverse and remand for further proceedings.
Reversed and remanded.