595 So.2d 279 (1992)
STATE of Florida, Appellant,
v.
Darryl Jerome CASH, Appellee.
No. 91-473.
District Court of Appeal of Florida, Third District.
March 17, 1992.
*280 Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
The state appeals from a trial court order suppressing a quantity of cocaine seized from the automobile which the defendant Darryl Jerome Cash was driving. The basis for the suppression order was that the police unlawfully stopped the automobile in violation of the defendant's Fourth Amendment rights, and, that consequently, the subsequent search and seizure of the cocaine from the automobile was unreasonable in violation of the Fourth Amendment to the United States Constitution. We disagree and reverse.
First, we conclude, based on the undisputed evidence adduced below, that the police had a reasonable basis to suspect that the defendant was transporting narcotics in the automobile and, therefore, were authorized to temporarily stop the automobile for further investigation. This evidence established that Officer Morales of the Metro-Dade Police Department received a telephone call from an anonymous tipster who stated that a person named Cash (the defendant herein) would be bringing narcotics to the Sugar Hill area of Miami (N.W. 71st Street and 14th Avenue) between 9:30  10:30 p.m. that night. The tipster indicated that Cash would be driving a rented white Mazda 323 automobile and provided both a partial license tag number and directions to Cash's residence. The tipster further told the officer that the defendant would first leave his residence and go to another residence in the area of N.W. 151st Street and 32nd Avenue before going out to the Sugar Hill area. Upon receiving the information, Detectives Morales and Sanchez drove out to defendant's residence where they found the vehicle described by the tipster; they then obtained the vehicle's full tag number as well as the address of the residence. With the address, the officers obtained a phone number, which they called and asked for the defendant Cash; a woman answered and *281 told them that Cash was outside. The officers then set up surveillance at this residence. At about 8:25 p.m., the officers followed the defendant to a house located at 3361 N.W. 190 Street. Upon leaving that house, the defendant went to a U-Totem store and then returned to his residence. At about 10:25 p.m., the defendant was seen leaving his residence, carrying what appeared to be a plastic bag which he put behind the driver's seat. Another male got into the car on the passenger side and the defendant drove off. The vehicle headed south on I-95, exiting at N.W. 69th Street. The police stopped the vehicle at N.W. 69th Street and N.W. 12th Avenue, a few blocks from the Sugar Hill area while en route thereto.
A temporary stop of a person for further investigation may be made by the police under the Fourth Amendment based on information obtained from an anonymous tipster if that information (1) appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip, and (2) establishes reasonable suspicion that the defendant is committing or has committed a crime. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Hetland v. State, 387 So.2d 963 (Fla. 1980). One indication of reliability of such a tip is the specificity of the information given by the tipster because such detail carries a strong indication that the information is based on the personal observation of the tipster; another such indication of reliability is when police act promptly and verify some significant part of the information given by tipster. State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla. 1980).
In the instant case, the anonymous tipster gave detailed information as to the identity, location, movements, and activity of the defendant, much of which the police were able to fully corroborate. The police found a person described by the tipster at a location described by the tipster driving a car described by the tipster; moreover, the defendant's movements that evening, as observed by the police, were substantially what the tipster had predicted. Plainly, the police had sufficient information to effect a temporary detention of the defendant for further investigation. The trial judge, however, concluded the police should have waited another two blocks before stopping the subject vehicle because the vehicle, although headed for the Sugar Hill area, had not actually arrived there. We disagree. The totality of circumstances of this case clearly indicate that the police had sufficiently corroborated the basic information of the otherwise detailed tip to temporarily stop the defendant. See Alabama v. White; Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla. 1988).
Second, we conclude, based on the undisputed evidence adduced below, that the police made a valid plain-view observation of four ziploc plastic bags containing suspect cocaine which were lying on the floor of the automobile behind the front seat; this observation, in turn, gave the police probable cause to search the automobile for these bags under the Carroll-Chambers moving vehicle exception to the search warrant requirement rule. Consequently, the search and seizure of the cocaine herein was reasonable under the Fourth Amendment. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
The order of suppression under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.