GERSTEN, Judge.
Appellant, Andrew Alexander, appeals his conviction for trafficking in cocaine. We affirm.
Appellant was found in possession of cocaine after a traffic stop. Appellant sought to suppress the cocaine, contending that the traffic stop was pretextual and, therefore, the subsequent search was invalid. The trial court denied appellant’s motion to suppress, finding that the initial traffic stop was valid and the subsequent search of appellant’s vehicle was proper.
Appellant plead nolo contendere to trafficking in cocaine. Appellant raises a single broad issue in this appeal:
The defendant was denied a fair hearing on his motion to suppress, where the arresting officer’s testimony was materially different from the account he had given before the hearing and where the trial court allowed the State to use a taped statement to rehabilitate the officer without establishing the necessary predicate that the statement was relevant for that purpose.
We hold that the hearing was not fundamentally flawed and affirm on that point. However, because the officer’s testimony and rehabilitation at issue deal with the appellant’s underlying contention that the traffic stop was not based on reasonable suspicion, we address the propriety of the trial court’s denial of the motion to suppress.
The State asserts that the record evidence supports a stop based on reasonable suspicion. Additionally, the State maintains that the officer’s prior consistent statement was properly admitted to rebut defense issues of improper motive and fabrication.
A trial court’s ruling on a motion to suppress requires an appellate court to review the evidence and the inferences to be drawn therefrom in the light most favorable to the prevailing party. Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981).
Further, the trial court’s factual findings can only be reversed if they are “clearly shown to be without basis in the evidence or predicated upon an incorrect application of the law.” State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988). Thus, this court must accept the trial court’s findings of fact on the denial of the motion to suppress if they are supported by record evidence. State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979).
Finally, prior consistent statements may not be used to bolster the testimony of a witness. However, where, as here, the defense raised the prospect that the offi *660 cer’s testimony was the subject of recent fabrication or improper motive, the prior statement was properly admitted. See Dufour v. State, 495 So.2d 154 (Fla.1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); Demps v. State, 462 So.2d 1074 (Fla.1984).
We find sufficient record evidence to support the trial court’s findings. Thus, we affirm appellant’s conviction.
Affirmed.