641 So.2d 517 (1994)
The STATE of Florida, Appellant,
v.
Louis SCOTT, Appellee.
No. 93-1698.
District Court of Appeal of Florida, Third District.
August 31, 1994.
*518 Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender and Joshua Schoen, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
LEVY, Judge.
We reverse the trial court's order granting the defendant's motion to suppress, based upon our finding that the anonymous tip provided to the police, coupled with the officers' observations of the defendant, established a reasonable suspicion to initially detain the defendant, and supported the finding of probable cause for the defendant's subsequent arrest.
Louis Scott, the defendant, was arrested and charged with burglary of an unoccupied dwelling and grand theft. Prior to trial, the defendant filed a motion to suppress physical evidence and post-arrest statements. The defendant claimed that the arrest was illegal because the police did not have sufficient probable cause, and thus the evidence obtained as a result of the arrest was inadmissible under the fruit of the poisonous tree doctrine. See New York v. Harris, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
At the hearing on the motion, two police officers testified to receiving a "be on the lookout alert" ["B.O.L.O."], that an individual was prowling through houses in the hurricane-damaged area of 122nd Avenue and 210th Street. One of the officers further testified that the B.O.L.O. was based upon a neighbor's anonymous tip which described the individual as a black male, approximately 5 feet and 7 inches, wearing a green and white striped shirt and dark pants. Five to ten minutes after the call was dispatched, the officers arrived at the area and saw the defendant riding a bicycle with a VCR and two radios balanced on the handlebars. The defendant, a black male, was wearing a green and white striped shirt, and dark pants.
Upon observing that the defendant fit the description in the B.O.L.O., one of the officers drove his police car alongside the defendant, and ordered him off the bike. The defendant was read his Miranda rights, and questioned as to where the items came from. According to the officer, the defendant initially claimed that he owned the items. However, the defendant later changed his story, first stating that the items belonged to his brother, and then claiming that he had found the items, although he could not recall where he had found them. When the officer suggested that he should speak with the defendant's mother, the defendant was not willing to take the officer to his home, which *519 was quite some distance away in another neighborhood.
After listening to the defendant's contradictory statements and inability to provide a logical explanation for his possession of the property, the officer, who had twenty years of police experience, arrested the defendant for loitering and prowling. The defendant was taken to the police station, and the property was identified by its owner. The defendant was then charged with burglary of an unoccupied dwelling and grand theft, and gave an incriminating statement.
At the conclusion of the hearing on the motion to suppress, the trial court entered an order suppressing the evidence and the defendant's statements, based upon its finding that the police lacked a reasonable suspicion to initially stop the defendant. The trial court further held that the motions would have been granted even if the initial detention had been lawful, because the police lacked probable cause to subsequently arrest the defendant.
First, we disagree with the trial court's finding that the police lacked reasonable suspicion to support the investigatory stop. The totality of the facts and circumstances in this case, as analyzed from the officers' specialized training and practical experience, gave the officers a reasonable suspicion that the defendant had committed a crime, which justified the investigatory stop. See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Hetland v. State, 387 So.2d 963 (Fla. 1980); Swanson v. State, 591 So.2d 1114 (Fla. 1st DCA 1992). A temporary detention for further investigation may be made based upon information obtained from an anonymous tip, if the content of the information "appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself." Hetland v. State, 387 So.2d at 963. See also R.E. v. State, 536 So.2d 1125 (Fla. 1st DCA 1988) (a stop may be based upon a B.O.L.O. which was based upon an informant's tip, if the tip raises a reasonable suspicion). The reliability of an anonymous tipster's information is evaluated by looking at the specificity and detail of the information, and whether the police acted promptly in verifying significant aspects of the information. State v. Cash, 595 So.2d 279 (Fla. 3d DCA 1992); Swanson v. State, 591 So.2d at 1114; State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla. 1980). In the present case, the anonymous tipster gave detailed information describing the appearance, location and activity of the defendant, which was thereafter corroborated by the police. The police promptly verified the information at the location indicated by the tipster, and observed a person fitting the tipster's description, as to appearance and clothing, who was engaging in an activity consistent with the tipster's information that hurricane-damaged homes were being rummaged. The information provided to the police by the anonymous tip, combined with the surrounding circumstances and the officers' personal observations, were sufficient to establish a reasonable suspicion that the defendant had committed a crime, thus justifying the temporary detention. Hetland v. State, 387 So.2d at 963; State v. Cash, 595 So.2d at 279; Swanson v. State, 591 So.2d at 1114.
We next address the trial court's finding that, even assuming the initial detention was lawful, the police lacked probable cause to subsequently arrest the defendant for burglary and/or grand theft. Probable cause to make a valid warrantless arrest is analyzed by looking at the totality of the circumstances from the perspective of the arresting officer's specialized training and practical experience, and exists where an officer has reasonable grounds to believe an offense has been committed. State v. Outten, 206 So.2d 392 (Fla. 1968); State v. Riehl, 504 So.2d 798 (Fla. 2d DCA), review denied, 513 So.2d 1063 (Fla. 1987); City of Jacksonville v. Alexander, 487 So.2d 1144 (Fla. 1st DCA 1986); Cross v. State, 432 So.2d 780 (Fla. 3d DCA 1983). We note that the facts necessary to establish probable cause need not reach the standard of conclusiveness and probability as the facts necessary to support a conviction. See Blanco v. State, 452 So.2d 520, 523 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990).
*520 The defendant was stopped approximately ten minutes after the B.O.L.O. was dispatched, and was found only a few blocks from the area indicated in the B.O.L.O. As this Court recognized in State v. Joseph, 593 So.2d 594, 595 (Fla. 3d DCA 1992): "A description provided in a police BOLO, coupled with proximity in time and place to the scene of crime, furnish reasonable grounds for an officer's belief that appellant had committed a felony." Moreover, the officers observed the defendant with several items of electronic equipment balanced on the handlebars of a bike in an area of homes reportedly being looted, the defendant could not verify ownership of the equipment, and the defendant provided contradictory explanations to the police as to his presence in the area which was some distance from his home. Looking at the totality of the circumstances, we conclude that the combination of the corroboration of the information provided in the B.O.L.O. by the anonymous tipster, as well as the officers' independent personal observations shortly thereafter, did constitute probable cause to make a legal arrest. See Blanco v. State, 452 So.2d at 523; State v. Joseph, 593 So.2d at 595.
Having established that probable cause existed to arrest for burglary, we note that the arrest is not rendered unlawful by the fact that the officers initially characterized the offense as loitering and prowling. See Moss v. State, 512 So.2d 328 (Fla. 3d DCA 1987); State v. Irvin, 483 So.2d 461 (Fla. 5th DCA), review denied, 491 So.2d 279 (Fla. 1986); Wright v. State, 471 So.2d 155 (Fla. 3d DCA 1985).
Accordingly, because the police did have reasonable suspicion to temporarily detain the defendant, and did have probable cause to subsequently arrest the defendant for burglary, it was error for the trial court to grant the defendant's motions to suppress his statements and physical evidence, and the order below must be reversed.
Reversed.
SCHWARTZ, C.J., concurs.
BASKIN, Judge (dissenting).
I would affirm the order suppressing evidence seized upon defendant's arrest. Applying the totality of the circumstances test, I would hold that the anonymous tip and the officer's observations did not give rise to a reasonable suspicion sufficient to stop defendant. The anonymous tip provided nothing more than a vague description which could readily fit many people, and the officers observed defendant engaged in innocent conduct.
"[A] trial court's factual findings can only be reversed if they are `clearly shown to be without basis in the evidence or predicated upon an incorrect application of the law.'" Alexander v. State, 603 So.2d 658, 659 (Fla. 3d DCA 1992) (citing State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988)). Here, the trial court made the following findings of fact concerning the BOLO:
"[T]his court finds that the anonymous tip which led to the issuance of the BOLO herein was that there was a black male prowling through houses in the general area of 122nd [A]venue and 208 [S]treet. The black male was wearing either a green and white or green and blue shirt and dark pants. There was no further description." [R. 61-62]
In addition, the trial court specifically found that the tip did not provide a height description or a specific location where the anonymous informant saw the black male. At the hearing, neither officer testified that the tip included a height description. The majority incorrectly asserts that the tip provided a height description. The vague description, which did not include a detailed description of defendant or a specific location, did not provide sufficient indicia of reliability to justify the stop. See Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990) (anonymous tip that black male approximately 40 years old wearing brown jacket and green pants was selling cocaine near certain street insufficient facts to give rise to reasonable suspicion); Strong v. State, 495 So.2d 191, 192 (Fla. 2d DCA 1986) ("A vague description does not justify an officer in stopping every individual who might possibly fit that description. In this case, the description of a *521 black man wearing dark clothing was too vague under Williams, Ross, [v. State, 419 So.2d 1170 (Fla.2d DCA 1982)], and Hetland."), review denied, 503 So.2d 328 (Fla.), cert. denied, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987).
Moreover, the officers' personal observations of defendant riding a bicycle with personal belongings balanced on the handlebars during the early afternoon hours through a residential neighborhood does not establish that defendant engaged in unusual or suspicious activity sufficient to justify a stop. Cf. State v. Williams, 627 So.2d 97 (Fla. 3d DCA 1993) (wheeling a lawn mower through a residential neighborhood at 11:00 P.M. gives rise to a reasonable suspicion of criminal activity); State v. Jenkins, 566 So.2d 926 (Fla. 2d DCA 1990) (defendant riding bicycle through business section at 1:30 A.M. with cardboard box on handlebars provides basis for founded suspicion of criminal activity). The fact that the equipment was not packaged was not unusual where persons may be moving their possessions from storm-damaged homes. See State v. Moody, 578 So.2d 481 (Fla. 5th DCA 1991) (carrying an unpackaged VCR through a mall parking lot does not justify investigatory stop).
"The ruling of the trial court on a motion to suppress, when it comes to the reviewing court, is clothed with the presumption of correctness, and the reviewing court will interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling." McNamara v. State, 357 So.2d 410, 412 (Fla. 1978); Gilbert v. State, 629 So.2d 957, 958 (Fla. 3d DCA 1993); Perez v. State, 536 So.2d 359 (Fla. 3d DCA 1988). Applying that principle, I would affirm the trial court's order.[1]
NOTES
[1] The lack of reasonable suspicion to justify the stop necessarily demonstrates a lack of probable cause to arrest.