PER CURIAM.
We affirm defendant’s convictions and sentences. We find that the record supports the trial court’s order denying defendant’s motion to suppress, filed in defendant’s pending cases. State v. Navarro, 464 So.2d 137 (Fla.3d DCA 1984). “The probable cause standard for a law enforcement officer to make a legal arrest is whether the- officer has reasonable grounds to believe the person has committed a felony.” Joseph v. State, 593 So.2d 594, 595 (Fla.3d DCA 1992), citing Blanco v. State, 452 So.2d 520 (Fla.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). The record supports the trial court’s conclusion, in this regard. Moreover, the record presents no evidence to support a finding that defendant’s confessions were coerced. See Bruno v. State, 574 So.2d 76 (Fla.1991).
Defendant’s remaining points raised on appeal lack merit. § 775.084(2), Fla.Stat. (1991); § 787.01(1)(a)2., Fla.Stat. (1991); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Affirmed.