PER CURIAM.
Sarfraz Janjua and Denny Milian, co-defendants below, appeal their respective convictions and sentences for second-degree felony murder, robbery without a firearm and trespass of an occupied structure after a jury trial. They raise three points as reversible error.
First, they assert that the trial court erred when it denied Milian’s motion to suppress his post arrest inculpatory statements made to his father at the police station in the presence of a police officer without the benefit of Miranda[1] warnings. Milian’s father had voluntarily come to the police station to see Milian. Upon his arrival, Milian’s father requested that he be permitted to speak to Milian. He was permitted to do so, but only in the presence of a police officer.[2] Although Milian was in custody and had not been Mirandized at the time, the police’s conduct in this case did not rise to the level of interrogation or the functional equivalent thereof, within the meaning of Miranda, where it was undisputed that Milian was not questioned by the police nor did the police send Milian’s father to see him for purposes of eliciting incriminating statements. Arizona v. Mauro, 481 U.S. 520, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987); Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).
Next, the appellants assert that their motion to suppress was improperly denied where the police lacked probable cause to stop their vehicle and arrest them. We disagree. Based upon our review of the totality of the facts and circumstances known to the police at the time they effectuated the stop and arrest of appellants, we find that the police had probable cause to believe that the subject crimes had been committed by appel-lees. State v. Scott, 641 So.2d 517, 519 (Fla. 3d DCA 1994); State v. Maya, 529 So.2d 1282, 1285 (Fla. 3d DCA 1988) (quoting Skelton v. State, 349 So.2d 193, 194 (Fla. 3d DCA 1977)); Cross v. State, 432 So.2d 780, 782-783 (Fla. 3d DCA 1983).
Lastly, we find no merit to appellants’ final argument that the motion for judgment of acquittal was improperly denied where our review of the record reveals that the state made a prima facie showing of the charged offenses during its case in chief.
Affirmed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The police officer testified below that this was done out of their concern for Milian’s safety because his father was visibly upset that his other son, Milian’s brother, was the victim killed in this incident.