PER CURIAM.
The State of Florida appeals the lower court’s final order granting the Appellee/Re-spondent A.J.’s Motion to Suppress Cocaine.
On January 12, 1998, Metro Dade Police Officer Daniel Hannah observed A.J. on a lawn in a residential area. Hannah testified at the motion to suppress hearing to the following: As he approached A.J. in his patrol car, he observed A.J. was a young boy that should have been in school at the time. *1157 As soon as A.J. saw Hannah, he immediately turned around and walked off the lawn in the opposite direction. Despite the fact that it was a hot day and A. J. was sweating profusely, A. J. was wearing a bulky jacket. Hannah knew that the act of truancy invests him with the right to stop, place in a vehicle and transport to school any juvenile deemed to be truant. Hannah stopped A. J. and asked him what he was doing. A.J. said that he was skipping school, but that he was looking for his girlfriend’s house, the address of which he did not know. As Hannah spoke to A.J., he noticed a bulge in front of A.J.’s jacket.
Hannah debated whether to transport A.J. back to school or transport him to jail for loitering and prowling. Before deciding where to proceed with A.J., Hannah patted A.J. down for weapons. The pat down was strictly for safety purposes. During the search, Hannah found 12 bags of cocaine underneath AJ.’s jacket and then arrested A.J. for possession of cocaine.
A.J.’s attorney argued that the standard for an arrest for loitering and prowling is probable cause and that “this officer used what’s been referred to as a catch all, the loitering and prowling statute to get this kid because he was out of school on a school day, when he could not arrest the child for truancy.” Thus, A.J. argued, any search that happened as a result of this illegal stop was fruit of the poisonous tree that should be suppressed.
The trial court ruled that the testimony did not show that Hannah viewed something which would be suspicious or arouse suspicion that a crime either had occurred or was immediately about to occur and granted A.J.’s motion to suppress. The State filed a Motion for Rehearing, which the trial court denied. This appeal followed.
We do not reach the issue of the legality of the pat-down search because this argument was waived by A.J. during the hearing on the motion to suppress. When the state began to inquire of Officer Hannah as to the facts surrounding the pat-down search, defense counsel interrupted and advised the trial court that the only issue being litigated was the legality of the stop of A.J. Consequently, A .J. waived appellate review .of this issue.
As concerns the stop of A.J., we agree with the state that section 984.13(l)(b), Florida Statutes (1997), allowed Officer Hannah to detain the child and transport him to school:
(1) A child may be taken into custody:
[[Image here]]
(b) By a law enforcement officer when the officer has reasonable grounds to believe that the child is absent from school without authorization, for the purpose of delivering the child without unreasonable delay to the school system.
§ 984.13(l)(b), Fla. Stat. (1997). Under the facts set forth at the hearing on the motion to suppress, Officer Hannah had “reasonable grounds to believe that the child [was] absent from school without authorization” based on the child’s own confession that he was skipping school. See K.A.C. v. State, 707 So.2d 1175 (Fla. 3d DCA 1998); C.G. v. State, 689 So.2d 1246 (Fla. 4th DCA 1997); B.C. v. State, 449 So.2d 955 (Fla. 3d DCA 1984). Even if the officer erroneously believed that he had probable cause to arrest A.J. for the crime of loitering and prowling, the stop was nevertheless valid. See State v. Scott, 641 So.2d 517, 520 (Fla. 3d DCA 1994) (Where probable cause existed to arrest for burglary, arrest was not rendered unlawful by the fact that the officers initially characterized the offense as loitering and prowling); State v. T.P., 588 So.2d 286, 287 (Fla. 3d DCA 1991)(“The existence of probable cause is measured by an objective standard, not based on an officer’s underlying intent or subjective motivation .”); Thomas v. State, 395 So.2d 280, 281 (Fla. 3d DCA 1981)(“Where, by objective standards, probable cause to arrest for a certain offense exists, the validity of an arrest does not turn on the fact that an arrest was effected on another charge.”). Accordingly, we reverse the trial court’s order suppressing the cocaine taken from A.J. and remand this case for trial.
Reversed and remanded.