GREEN, J.
This is an appeal from" an order granting a motion to suppress evidence filed on behalf of the appellee, M.A.D., in a delinquency proceeding. We reverse.
While on patrol on November 7,1997, Officer Harold Slayton spotted M.A.D. standing *413 in front of a Winn-Dixie supermarket with another individual. Officer Slayton recognized M.A.D. as one of many youths which he and the store’s management had warned on several prior occasions not to “hang out” or trespass in front of the store. According to the officer’s testimony, this area was a hot spot for gang activity and the store’s management had complained to the police that the large congregation of youths in front of the store was frightening away the store’s customers. When Officer Slayton approached M.A.D., he was holding a backpack in his arms. When the officer asked M.A.D. about the contents of the backpack, the officer testified that M.A.D. voluntarily consented to a search. The officer admitted that prior to the search, he had not decided whether to arrest M.A.D. for trespass after warning. The officer’s search of M.A.D.’s bag yielded the presence of a small amount of marijuana. M.A.D. was thereafter arrested and charged in a petition for delinquency with one count of possession of cannabis in violation of section 893.13(6)(b), Florida Statutes (1997).
M.A.D. moved to suppress the cannabis in the proceedings below on the grounds that it was the fruit of an unlawful stop. The lower court agreed and granted the motion. The state argues, and we agree, that this was error.
Where as here, M.A.D. was identified by the police as someone which both the police and the store’s management had warned on previous occasions not to congregate in front of the store, the police officer certainly had a well founded suspicion that M.A.D. was committing a trespass[1] in his presence on the date in question. The officer was therefore justified in stopped and detaining M.A.D. See Thames v. State, 592 So.2d 733, 735 (Fla. 1st DCA 1992); State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989); see also Robinson v. State, 551 So.2d 1240, 1241 (Fla. 1st DCA 1989). Because the officer had probable cause or reasonable suspicion to arrest M.A.D. for the misdemeanor crime of trespass, the officer was further justified in searching the backpack which was within M.A.D.’s immediate control as incident to arrest.[2] See Gay v. State, 607 So.2d 454, 461 (Fla. 1st DCA 1992); T.M. v. State, 570 So.2d 1129, 1130 (Fla. 3d DCA 1990); State v. King, 405 So.2d 770, 773 (Fla. 5th DCA 1981). As the state correctly points out, it is of no moment that the officer conducted the search of the bag prior to placing M.A.D. under arrest. See State v. Russell, 659 So.2d 465, 469 n. 5 (Fla. 3d DCA 1995) (“It is well settled that a search incident to an arrest may precede the formal arrest as long as probable cause existed prior to the search.”); State v. Joseph, 593 So.2d 594, 595-96 (Fla. 3d DCA 1992) (holding that evidence of pre-arrest search admissible where probable cause existed for the arrest).
Thus, for all of the foregoing reasons, we reverse the order granting the motion to suppress and remand for further proceedings in this cause.
Reversed.

. The trespass statutes provide in relevant part that: ’
810.08 Trespass in structure or conveyance
(1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having heen authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
810.09 Trespass on property other than structure or conveyance
(l)(a) A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance:
1. As to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011;
[[Image here]]
commits the offense of trespass on property other than a structure or conveyance.
§§ 810.08, .09, Fla. Stat. (1997)

. Our conclusion that the search was valid as incident to an arrest necessarily moots out M.A.D.’s further argument that the search was nonconsensual.