FLETCHER, Judge.
A.T., a juvenile, appeals from an order ■withholding adjudication of delinquency and final disposition. We affirm.
The arresting officer testified that he observed A.T., a fifteen-year-old boy, hanging out on a corner with two others for about an hour. There earlier had been a report of a stolen car, and the officer testified that he believed one of the persons on the corner may have gotten out of the stolen vehicle.
The officers drove up in their unmarked car, got out of their vehicle and identified themselves as police officers. The arresting officer testified that as he approached, he saw A.T. put a plastic “Ziploc” baggie containing a green substance into his pocket. The officer proceeded to pat down A.T., reached into A.T.’s pocket and pulled out the Ziploc bag containing marijuana. He then arrested A.T., who was charged with unlawful possession of misdemeanor quantity of marijuana.
A.T. moved to suppress the evidence on the ground that it had been obtained by an unlawful search and seizure, arguing that the officer had no reasonable suspicion that the baggie contained marijuana until he searched A.T. and retrieved the bag from his person. The parties agreed that the motion to suppress was dispositive, and on the trial court’s denial of the motion A.T. changed his plea to nolo conten-dere. The trial court withheld adjudication and sentenced A.T. to four years of probation.
A search incident to an arrest may precede the formal arrest as long as probable cause existed prior to the search. See State v. In the Interest of M.A.D., 721 So.2d 412 (Fla. 3d DCA 1998); State v. Joseph, 593 So.2d 594 (Fla. 3d DCA 1992). “A finding of probable cause does not require absolute certitude.” Curtis v. State, 748 So.2d 370, 374 (Fla. 4th DCA 2000). “The test for probable cause is whether the facts and circumstances within an officer’s knowledge are sufficient to warrant a person of reasonable caution to believe that an offense has been committed.” Id. at 374. The officer’s long experience in recognizing marijuana coupled with the circumstances surrounding A.T.’s behavior gave him probable cause to believe that AT. was in possession of an illegal substance. Id. (“[The officer’s] belief that what he visualized was crack cocaine is sufficient for probable cause even though he concedes that the substance could have been something else.”). We conclude that there was probable cause to search A.T., and the seizure was valid as being incident to a lawful arrest. We affirm the trial court’s denial of the motion to suppress and affirm the disposition.
Affirmed.