KHOUZAM, J.,
dissents with opinion.
I respectfully dissent. The majority relies on the phrase “other obscuring matter” as the only language in the statute that would apply to the obstruction of the alphanumeric designation of the tag in this case. I do not read the statute to be limited to matter on the tag itself. In my view, the construction of the statute in the majority opinion disregards other critical terms and phrases contained in the statute as emphasized below:
[A]ll letters, numerals, printing, writing, and other identification marks upon the plates regarding the word “Florida,” the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front.
§ 316.605(1) (emphasis added).
Based on a plain reading of the statute, I read the foregoing to require the alphanumeric designation on the plates to be plainly visible and legible at all times 100 feet from the rear or the front of the vehicle. This would include obstructions caused by items placed in front of license tags, such as trailer hitches.
*465 If a statute is unambiguous, we do not resort to statutory construction. See State v. Hobbs, 974 So.2d 1119, 1122 (Fla. 5th DCA 2008) (opining that for purposes of statutory interpretation, the maxim ejus-dem generis should only come into play when it is necessary to construe an ambiguous statute, not to create an ambiguity in a clearly worded statute). Further, it is inappropriate to use the maxim ejusdem generis “if, as a result, the court fails to give meaning to all of the words used by the legislature.” Id. at 1121. The interpretation of section 316.605 set forth in the majority opinion now before us for rehearing disregards the terms “clear” and “distinct” and the phrase “so that they will be plainly visible and legible at all times 100 feet from the rear or front.” In my view, there is no need to apply the maxim ejus-dem generis to interpret this unambiguous statutory provision.
“A statute should not be construed to bring about an unreasonable or absurd result, but rather to effectuate the obvious purpose and objective of the legislature. The law favors a rational and sensible construction of statutes so as to avoid an unreasonable or absurd result.” George v. State, 203 So.2d 173, 175-76 (Fla. 2d DCA 1967) (citations omitted). It would be unreasonable to read section 316.605(1) as meaning that a plate is visible if it cannot be read by an officer following safely in his or her patrol car.
To follow the reasoning in the majority opinion, items displayed in front of the license tag that obscure the plate would not be in violation of the statute and would not provide law enforcement with a lawful basis to stop the vehicle, so long as the items are not affixed to the tag itself. This is neither a plain nor reasonable interpretation of the statute.
Law enforcement officers should not be precluded from stopping a vehicle when they are unable to read a license plate because such a restriction would hinder them in fulfilling their duties to carry out the significant state interest of protecting citizens. I find Wright v. State, 471 So.2d 155 (Fla. 3d DCA 1985), instructive. In Wright, an officer noticed that the license plate on the rear of a parked vehicle was partially obscured by a dirty rag. Id. at 156. The officer approached and asked the defendant to exit the vehicle. Id. at 157. The court found that the officer had the authority, even the duty, to investigate why the license tag was obscured in violation of the motor vehicle statute. Id. Like the rag in Wright, the trailer hitch here obscured the critical alphanumeric designation of the tag.[2] In fact, in this case the officers testified they were in separate vehicles travelling together, parallel to each other, when they first saw Harris’s truck. Both officers testified that they attempted to determine the tag number from the rear and were unable to do so because the tag was obscured by a trailer hitch. As in Wright, I would find that the officers had the authority to investigate why Harris’s tag was obscured.
In light of the foregoing, I would affirm the trial court’s denial of the motion to suppress. The trial court correctly applied the plain language of the statute and properly determined that Harris was in violation of the statute because the license plate was partially obscured by a trailer hitch *466 and was not plainly visible at distances well under 100 feet.

. It appears that the rag in Wright was not affixed to the face of the license plate. The defendant told the officer that the rag was being used because the gas tank leaked, and that the rag must have blown over the license plate. 471 So.2d at 157. The defendant lifted the license plate and the officer observed that the gas tank had a regular cap in place. Id.