395 So.2d 280 (1981)
Andrew THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1037.
District Court of Appeal of Florida, Third District.
March 17, 1981.
Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm Thomas' conviction. The trial court correctly denied Thomas' motion to suppress the fruits of a burglary found during a search of Thomas' person.
The arresting officers believed that the circumstances, at most, justified an arrest for loitering and prowling and, incident to an arrest on that charge, conducted a search of Thomas. Even if, as Thomas suggests, an arrest on that charge was unlawful because the officers immediately upon stopping Thomas gave him Miranda warnings, which arguably inhibited him from dispelling the officers' concern, see Section 856.021, Florida Statutes (1977); State v. Ecker, 311 So.2d 104 (Fla.), cert. *281 denied sub nom., Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), there existed, notwithstanding the officers' mistaken and contrary belief, probable cause to arrest Thomas on a charge of burglary. See, e.g., Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Where, by objective standards, probable cause to arrest for a certain offense exists, the validity of an arrest does not turn on the fact that an arrest was effected on another charge. Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971); United States v. Ullrich, 580 F.2d 765 (5th Cir.1978). Moreover, given the existence of probable cause to arrest Thomas for the offense of burglary, the validity of the search of Thomas is unaffected by the fact that the search preceded his formal arrest on that charge. Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Dixon v. State, 343 So.2d 1345, 1347 n. 3 (Fla. 2d DCA 1977).
AFFIRMED.