BASKIN, Judge.
Defendant Bassing challenges the denial of his motion to suppress tangible evidence *1180 and a statement he made to the arresting officer. He reserved his right to appeal the denial of his motion when he entered a plea of no contest to the charge of grand theft, second degree. We affirm.
The thrust of defendant’s argument is that when Florida Highway Patrolman Breen arrived at the scene of a one-car accident and saw a disabled and damaged automobile on the shoulder of an expressway ramp and also saw, on the opposite side of the road, defendant Bassing, scratched, shirtless and disoriented, walking away from the car, the officer lacked a founded suspicion to make an investigatory stop. He contends that defendant’s explanation that he had been in a brawl at a nearby bar should have satisfied the officer sufficiently to terminate defendant’s detention, citing section 901.151, Florida Statutes (1979).
(1) This section may be known and cited as the “Florida Stop and Frisk law.”
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
(3) No person shall be temporarily detained under the provisions of subsection (2) longer than is reasonably necessary to effect the purposes of that subsection. Such temporary detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.
In addition, defendant maintains the officer’s subsequently received information that the car had been stolen did not furnish probable cause for the officer to arrest him and to conduct a search of his person. The officer, upon learning the car had been reported stolen, ordered defendant to empty his pockets which contained keys to the car he had denied owning. When defendant said he “was in big trouble now”, he was arrested and advised of his rights.
We do not agree that either the keys or defendant’s statement was the product of an unlawful search. We hold that the officer was justified in stopping defendant Bassing, who appeared intoxicated and in need of medical treatment.
The officer’s founded suspicion that defendant had committed the offense of driving under the influence of intoxicating beverages justified the stop. See State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). When Officer Breen learned that the car had been reported stolen, hé had probable cause to conduct a search of defendant’s person, incident to an arrest.
The search was incident to the arrest even though the search preceded the arrest. “Where the formal arrest followed quickly on the heels of the challenged search ...” it is not important that the search preceded the arrest. Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633, 645 (1980); United States v. Chatman, 573 F.2d 565 (9th Cir. 1977); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981). The fruits of the search were not necessary to support probable cause for the arrest.
Affirmed.