LESTER, M. IGNATIUS, Associate Judge.
The sole question presented in this appeal is whether the evidence as to the value of the steering boxes taken from Bud’s Auto Parts was sufficient to sustain the conviction of the defendant/appellant, Jose Ramirez, for grand larceny.
The appellant contended that the State presented no evidence as to the personal knowledge of the steering boxes, their condition, and what vehicles they came from. The appellant argues that in the absence of such proof the conviction of grand larceny must be reversed.
The appellant urges that the proof of value was an essential element of grand larceny which must be established by the State beyond and to the exclusion of every reasonable doubt. Negron v. State, 306 So.2d 104 (Fla.1974).
The appellee argues that Jorge Seone, Sr., the owner of Bud’s Auto Parts, had been in the auto parts and wrecking business all his life, and he testified that the used steering boxes were each worth definitely more than $100.00. It is entirely permissible to use the owner or victim to establish the market value. See Butler v. State, 354 So.2d 437 (Fla. 3d DCA 1978).
The appellant had urged the court to consider the holding in Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983). In Taylor, the owner admitted on cross-examination that he did not deal in used merchandise and had no idea as to the value of the “CB” at the time of the theft. In the present case, however, Mr. Seone, Sr., the owner of the steering boxes, not only dealt in these types of auto parts on a day to day basis, but also testified with some degree of certainty as to their fair market value at the time of the theft.
We find that the evidence presented on the value of the steering boxes was competent and sufficient and thus, we will not substitute our judgment for that of the finder of fact. Jefferson v. State, 298 So.2d 465 (Fla. 3d DCA 1974).
Affirmed.