PER CURIAM.
The final judgment of conviction and sentence under review is affirmed upon a holding that (a) the police temporarily stopped the defendant Roger Moss based on reasonable suspicion, and, accordingly, the said temporary stop was a reasonable seizure of the person under the Fourth Amendment; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Bell, 382 So.2d 119 (Fla.3d DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978), (b) the defendant Roger Moss voluntarily consented to a search of a bag held by him which revealed the presence of a drill, adding machine, and coins, thereby making the said search reasonable under the Fourth Amendment; Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Denehy v. State, 400 So.2d 1216, 1217 (Fla.1980); Pastor v. State, 498 So.2d 962, 964 (Fla. 4th DCA 1986); State v. Fuksman, 468 So.2d 1067, 1068-69 (Fla.3d DCA 1985), (c) the police had probable cause to believe that the property in the defendant’s bag was stolen and, accordingly, had probable cause to arrest the defendant for unlawful possession of stolen property, and to seize said property, which lawful arrest is in no way affected by the arresting officer’s decision to characterize the arrest as one for loitering and prowling; Wright v. State, 471 So.2d 155, 158 (Fla.3d DCA 1985); Thomas v. State, 395 So.2d 280, 281 (Fla.3d DCA 1981); Gibson v. State, 368 So.2d 667, 668 (Fla.3d DCA 1979); Hoskins v. State, 208 So.2d 145, 146 (Fla.3d DCA), cert. denied, 214 So.2d 622 (Fla.1968); see D.A. v. State, 471 So.2d 147 (Fla.3d DCA 1985), (d) the police lawfully obtained fingerprints from the defendant Roger Moss after lawfully arresting him; see Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Bynum v. United States, 107 U.S.App.D.C. 109, 274 F.2d 767 (1960), and (e) the trial court correctly denied the motion to suppress the physical evidence and fingerprints seized from the defendant herein.
Affirmed.