JORGENSON, Judge,
dissenting.
I respectfully dissent.
The police officer testified at the suppression hearing that he observed Antela loitering near a convenience store which had been the target of several recent robberies. The officer further stated that Antela left the scene immediately upon becoming aware of the officer’s presence. The officer’s stop of Antela was lawful since it is consistent with the type of preliminary inquiry police officers must conduct in loitering or prowling situations. See D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1986) (gist of loitering or prowling offense is that defendant loitered or prowled in a manner not usual for law-abiding individuals and that such loitering or prowling was under circumstances warranting an immediate concern for the safety of persons or property in the vicinity). The officer had a reasonable basis to stop Antela temporarily. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Moss v. State, 512 So.2d 328 (Fla. 3d DCA 1987). No search and no detention occurred until after the officer learned of the outstanding warrant and had lawfully arrested Antela. The subsequent search was, therefore, proper as incident to a lawful arrest.
For this reason, I would affirm the trial court’s order denying Antela’s motion to suppress.