PER CURIAM.
The appellant appeals from his judgment of conviction and sentence for possession of cocaine seized after a police officer stopped an automobile the appellant was driving. Because we agree with the appellant’s argument that the trial court erred in denying his motion to suppress the cocaine, we reverse the conviction and sentence.
The only justification offered by the prosecution for the stop of the appellant’s automobile was the officer’s observation of a minor traffic infraction, a non-functioning tail light. When the prosecution relies solely upon a minor traffic violation as justification for the stop of an automobile, it has the burden of showing that a reasonable officer would have stopped the vehicle under such circumstances. Kehoe v. State, 521 So.2d 1094 (Fla.1988). Our review of the evidence presented below reveals no factual basis for the trial court to have found that the prosecution met this burden. In the absence of such evidence, the motion to-suppress should have been granted.
The judgment of conviction and sentence are reversed and the cause is remanded. Because the granting of the motion to suppress is dispositive of the cause, we direct that the trial court discharge the appellant.
SMITH, ZEHMER and ALLEN, JJ., concur.