BLUE, Judge.
The appellant, Alvin Deweitt Davis, seeks reversal of his judgment and sentence for possession of cocaine. He challenges the denial of his motion to suppress cocaine on the basis of a pretextual stop. We reverse because the state did not carry its burden at the suppression hearing.
The officer who stopped Davis’ car testified that he knew Davis from prior occasions and recognized his vehicle. He followed Davis and stopped his vehicle because its left tail light was inoperative. As in this case, when the state relies solely upon a minor traffic violation as justification for the stop of an automobile, it has the burden of showing that a reasonable officer would have stopped the vehicle under the circumstances. Jackson v. State, 596 So.2d 113 (Fla. 1st DCA 1992). Our review of the record reveals that the state failed to offer evidence to sustain its burden. The trial court erred in denying Davis’ motion to suppress.
Reversed
HALL, A.C.J., and SCHOONOVER, J„ concur.