647 So.2d 220 (1994)
Alan DANIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3005.
District Court of Appeal of Florida, First District.
September 8, 1994.
Nancy A. Daniels, Public Defender, John R. Dixon, Asst. Public Defender, Tallahassee, for appellant.
*221 Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant pled no contest to possession of cocaine after reserving the right to appeal the denial of his motion to suppress. We reverse.
The evidence produced at the suppression hearing revealed that while on patrol, a police officer, Bobby Deal, observed appellant's vehicle traveling in the opposite lane with a cracked windshield and the windshield wipers in an upright position. Although Deal testified that he had no "inkling" of any possible wrongdoing on appellant's part, save for the cracked windshield and upright wipers, Deal signalled for appellant to pull over. Deal testified that he did not have his citation book with him, but was going to give appellant a verbal warning. When appellant was unable to produce any identification, a radio check revealed that the car was registered to someone other than appellant. Appellant claimed to have a New York state driver's license, but a further check failed to substantiate that claim. Appellant was thereafter transported to jail where a search produced cocaine. It should be noted that the owner of the vehicle testified that her car did not have a cracked windshield when she loaned her car to appellant, and photographic evidence produced at the hearing showed the subject window intact. Appellant conceded below that based upon the evidence presented there was nothing to indicate that the stop was pretextual  that is, based upon some ulterior motive. Nevertheless, appellant argued that the initial stop was improper because no material violation of the law had occurred, and no reasonable police officer would have stopped appellant based merely upon the condition of the windshield and the position of the wipers. The lower court rejected this argument, finding the stop was proper based upon the officer's observations.
We recognize that when reviewing a motion to suppress, an appellate court must interpret the evidence, and reasonable inferences therefrom, in a light most favorable to sustaining the trial court's ruling. Owen v. State, 560 So.2d 207 (Fla. 1990). Nevertheless, reversal is required in this case.
In Jackson v. State, 596 So.2d 113 (Fla. 1st DCA 1992), this court held, on the authority of Kehoe v. State, 521 So.2d 1094 (Fla. 1988), that
[w]hen the prosecution relies solely upon a minor traffic violation as justification for the stop of an automobile, it has the burden of showing that a reasonable officer would have stopped the vehicle under such circumstances.
As was the case in Jackson, our review of the record in this case fails to establish a factual basis upon which the lower court could have found that the prosecution sustained its burden. See also, Davis v. State, 605 So.2d 561 (Fla. 2d DCA 1992).
We are of the view that the comment of the trial court in ruling on the motion to suppress[1] appropriately identifies the dilemma facing both police officers and the trial courts in similar cases, and we therefore certify as a question of great public importance the following question:
DOES THE RULING IN KEHOE V. STATE, 521 So.2d 1094 (FLA. 1988) REQUIRE SUPPRESSION OF EVIDENCE OBTAINED AS A RESULT OF THE STOP OF A MOTOR VEHICLE FOR A MINOR TRAFFIC VIOLATION *222 WHERE THERE IS NO EVIDENCE THAT THE STOP WAS PRETEXTUAL, BUT THE STATE FAILS TO AFFIRMATIVELY ESTABLISH BY EVIDENCE THAT A REASONABLE POLICE OFFICER WOULD HAVE ROUTINELY STOPPED A MOTOR VEHICLE FOR THE SAME VIOLATION?
The order denying the motion to suppress is REVERSED and the cause is REMANDED with directions that appellant's conviction be reversed and appellant be discharged.
WEBSTER, J., and SMITH, Senior Judge, concur.
BOOTH, J., dissents.
NOTES
[1] The trial court stated that it was "satisfied that this was not a pretextual stop, that [Deal] was doing investigative work, was going to give the man a warning. `You need to get the wipers checked.' He had no intention of writing him even a ticket. He couldn't have written him a ticket and as it turns out the man did not have a license, was driving without any identification, without a license in the state of New York or Florida, and that's what led to the subsequent arrest and the search incidental to the arrest for driving without a license, and this court finds one officer said he wouldn't have given him a ticket and one did or was going to give him a warning, so I don't think that  I think the courts need to determine whether its a pretextual stop or not as opposed to whether one officer would do what is good police work and what's not good police work, and I think that is the test I'm sure that's what the First District Court intended to mean."