PER CURIAM.
Police stopped Alphonso Roddy in his motor vehicle for having an inoperative tail light and as a result of the stop, contraband was discovered. By information, Roddy was charged with carrying a concealed firearm, a third-degree felony under section 790.01(2), Florida Statutes (1993) (Count I); possession of cocaine on the same date, a third-degree felony under section 893.13(6)(a) (Count II); and possession of a firearm by a convicted felon on the same date, a second-degree felony under section 790.23 (Count III).
The cause came before the trial judge on Roddy’s motions to suppress, wherein he argued the evidence sought to be suppressed was produced as the result of an invalid stop. Finding a legally sufficient basis for the stop, the trial judge denied the motions. Thereafter, Roddy entered a negotiated plea of no contest to each of the three counts of the information, specifically reserving the right to appeal the trial court’s denial of the motions as dispositive. The trial court accepted the plea, and, in accordance with the negotiations, adjudicated Roddy guilty. In these consolidated appeals, Roddy challenges the order denying his motions to suppress. We affirm.
In Kehoe v. State, 521 So.2d 1094, 1097 (Fla.1988), the Florida Supreme Court held that to establish that a traffic stop was not invalid as a pretext stop, “[t]he state must show that under the facts and circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose.” In State v. Fernandez, 526 So.2d 192, 193 (Fla. 3d DCA), cause dism., 531 So.2d 1352 (Fla.1988), this court held that
the issue [of pretext with regard to a legal stop] does not ever arise unless there is a suggested alternative reason for the stop— usually related to the officer’s wish to apprehend the driver because of information and belief that he is guilty of some other offense.
The significant facts of the instant ease are indistinguishable from those in Fernandez. The officer offered uncontroverted and essentially unimpeached testimony that the stop was “originally just a simple traffic stop” to investigate Roddy’s broken tail light. After discovering that Roddy had a gun, the officer arrested him for the offense and searched the vehicle, finding both a concealed firearm and narcotics. Following Fernandez, we affirm Roddy’s convictions.
Alternatively, Roddy argues that this court should withhold ruling pending the Supreme Court’s determination in Daniel v. State, 647 So.2d 220 (Fla. 1st DCA 1994), review granted, No. 84,486 (Fla. April 3, 1995), wherein the first district concluded that:
suppression of the evidence obtained as a result of stop of motor vehicle for minor traffic violation is required where there is no evidence that stop was pretextual, but state fails to affirmatively establish that a reasonable police officer would have routinely stopped a motor vehicle for same violation.
While, in issuing our opinion today we follow Fernandez, based upon the inter-district conflict stated herein as well as the great public importance of the question, we certify the issue posed and ask that this case be paired for review with Daniel.
Affirmed.