FRANK, Acting Chief Judge.
Following the denial of his motion to suppress, Tyrone Jackson entered a nolo plea to possession of cocaine and possession of drug paraphernalia and reserved the right to appeal. The state stipulated that the search and seizure issue was dispositive. Because there was insufficient reason for the initial stop of Jackson’s automobile, we reverse.
Jackson was observed by Tampa police officers driving his car lawfully, in the middle of the day, on public streets in the College Hill neighborhood of Tampa, which has a reputation for high crime activity. The police officers noticed that the rear window of the vehicle was completely knocked out, a fact that indicated to them the possibility that the car had been stolen. Therefore, they pulled Jackson over and, as is their custom, asked for his license and identification before asking any questions about the car. As Jackson removed his license, Officer Henry noticed a crack pipe in Jackson’s change purse. Jackson then showed Officer Myers a copy of a police report regarding the vandalized rear window, which evidenced that Jackson was the owner of the car.
The trial court should have granted Jackson’s motion to suppress. Neither testifying officer knew whether driving a ear with a broken rear window was illegal, yet both stated that this was the basis for the stop. In fact, Jackson had committed no violation. The police are not permitted to compensate for lack of founded suspicion that a crime has been or is being committed by justifying a stop on an obscure traffic violation or malfunctioning equipment. Doctor v. State, 596 So.2d 442 (Fla.1992); Kehoe v. State, 521 So.2d 1094 (Fla.1988). The applicable statutes, sections 316.2951-316.2957, Florida Statutes (1993), address windows only to the extent that certain dark tints are illegal. Rear windows are not required equipment on automobiles.
The state attempted to justify this stop based upon the officers’ suspicion that the car was stolen because the window was broken out. However, both officers testified to a rather arbitrary pattern of investigating such cars, dependent upon time and place and what they happened to be doing at the time. Furthermore, a significant percentage of cars stopped in that condition were being driven by their owners, perhaps after having been stolen or vandalized, as was Jackson’s. At the least, the officers should have run a computer check on the vehicle before pulling Jackson over.
Because the officers had observed no violation of the law, and because no reasonable police officer would have stopped the defendant based merely upon the condition of the rear window, see Daniel v. State, 647 So.2d 220 (Fla. 1st DCA 1994); Davis v. State, 605 So.2d 561 (Fla. 2d DCA 1992), we reverse the order denying the motion to suppress and remand with direction that Jackson’s conviction be reversed and that he be discharged.
ALTENBERND and QUINCE, JJ., concur.