705 So.2d 676 (1998)
The STATE of Florida, Appellant,
v.
Jose M. CORTEZ, and Alexis Rodriguez, Appellees.
No. 97-1369.
District Court of Appeal of Florida, Third District.
January 28, 1998.
*677 Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellees.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, Judge.
The State appeals an order suppressing evidence. As there was no Fourth Amendment violation, we reverse.

I.
A neighbor observed defendants Jose Manuel Cortez and Alexis Miguel Rodriguez back their car into the victim's enclosed carport. The homeowner victim was at work. While one defendant stood by the car, the other defendant peered into a window while calling out to ask if anyone was home. The defendants were positioned so that they were partially screened from the street by landscaping and a wall. The neighbor did not recognize the defendants and called the police. When the defendants saw the neighbor watching, they jumped into the car and fled.
A few minutes later, Officer Ramos arrived and he interviewed the neighbor. Upon looking in the carport, he found pry marks on the door leading from the carport into the house. He could not determine from looking, however, whether the pry marks were fresh. The officer sent a be on lookout ("BOLO") announcement regarding a possible burglary, with a description of the car and a general description of the occupants.
A few blocks away, the defendants ran out of gas. At about 1:30 p.m., approximately twenty minutes after the BOLO announcement, a different officer, Officer Murias, noticed the defendants' car alongside the road, where the defendants appeared to be attempting to add gasoline. The officer stopped to render assistance. The defendants explained that they needed gas. During their conversation, the defendants told the officer that they were on the way to visit a friend nearby, but when the officer offered to call the friend, it turned out that the defendants did not know the friend's name or address. Finding this suspicious, the officer asked for identification. The police computer revealed no outstanding warrants, but defendants appeared to match the BOLO.
Officer Murias contacted Officer Ramos (author of the BOLO), who brought the neighbor to the roadside location. The neighbor identified the car as being the one he had seen. At about 2:00 p.m. the defendants were placed under arrest for loitering and prowling in violation of section 856.021, Florida Statutes (1995).
Detective Garcia was sent to the victim's residence to investigate further. At 5:00 p.m., the victim arrived home. He confirmed that the pry marks on his door were new, and found that his electric chain saw was missing from the carport. The defendants had an electric chain saw on the back seat of the car they were driving. They had told Officer Murias, however, that the chain saw belonged to the driver's father.
Defendants were arrested for burglary and criminal mischief. They moved to suppress their confessions, claiming that they were the product of a Fourth Amendment violation. Defendants contended that the arrest for loitering and prowling was illegal, and that there was neither probable cause nor a founded suspicion to justify their detention *678 on the charge of burglary. The State has appealed.

II.
We conclude that there was probable cause to arrest defendants for the offense of loitering and prowling. Section 856.021, Florida Statutes, defines the offense as follows: "It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Id. § 856.021(1).
"Probable cause to arrest exists when the totality of the facts and circumstances within the officer's knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it." State v. Russell, 659 So.2d 465, 468 (Fla. 3d DCA 1995) (citations omitted); see also Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 1310-11, 93 L.Ed. 1879 (1949); Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983). "The facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based." Shriner v. State, 386 So.2d 525, 528 (Fla.1980) (citation omitted). "An officer is permitted to take a realistic view of the facts in making a probable cause determination, `for probable cause is a matter of practicalities, not technicalities.'" State v. Russell, 659 So.2d at 468 (citations omitted).
Here, the neighbor saw the defendants back their car into the victim's enclosed carport. As a general matter, a homeowner may be deemed to extend an implied invitation to legitimate visitors to approach the house by use of the sidewalk, and to park the car in the driveway or at the roadside. But certainly there is no implied invitation for a stranger to park his car in a homeowner's enclosed carport and peer in the windows. The unusual step of backing the car into the carport would (a) facilitate loading of the trunk unobserved, (b) prevent the license plate from being read from the street,[1] and (c) allow a speedy departure if needed. Upon seeing that the neighbor was watching, defendants did not approach the neighbor to ask the whereabouts of the homeowner. Instead, defendants took flight. In the subsequent roadside encounter with Officer Murias, defendants lied about their destination and reason for being in the area. Whether or not the pry marks are taken into consideration, the officers had probable cause to arrest the defendants for loitering and prowling.
Defendants contend, however, that the officers were not entitled to make a warrantless arrest for the misdemeanor offense of loitering and prowling because the misdemeanor was not committed in the officers' presence. Defendants rely on such cases as Chamson v. State, 529 So.2d 1160, 1161 (Fla. 3d DCA 1988), and Carter v. State, 516 So.2d 312, 313 (Fla. 3d DCA 1987), which, on the basis of section 901.15(1), Florida Statutes, hold that an officer cannot make a warrantless arrest for the misdemeanor of loitering and prowling where the officer did not personally observe the misdemeanor offense and relied instead on a report by a citizen witness.[2] Those cases reach that result because subsection 901.15(1), Florida Statutes, authorizes the warrantless arrest of a person who "has committed a felony or misdemeanor ... in the presence of the officer." If the officer did not observe the misdemeanor, then section 901.15 in general does not authorize the officer to make a warrantless arrest.[3]
The cases relied on by defendants do not cite or discuss section 856.031, Florida Statutes, which states:

*679 856.031 Arrest without warrant.Any sheriff, policeman, or other law enforcement officer may arrest any suspected loiterer or prowler without a warrant in case delay in procuring one would probably enable such suspected loiterer or prowler to escape arrest.
Here, the defendants were apprehended at roadside, and assuredly would have escaped if the officers had left to obtain a warrant. The warrantless arrest was authorized by section 856.031.[4]
Defendants argue that in State v. Ecker, 311 So.2d 104, 111 (Fla.1975), the Florida Supreme Court held that only an officer's own observations may be considered in determining whether probable cause exists to make a warrantless arrest for loitering and prowling. That is not so.
The Ecker decision actually establishes that a prosecution for loitering and prowling can be based on citizen witnesses even if the arresting officer did not observe the defendant commit the offense. Ecker was a consolidated appeal in which one defendant, Worth, challenged the sufficiency of the evidence to support his conviction for loitering and prowling. Id. at 111. The court stated:
In Worth v. State, the record reflects that the defendant was in a warehouse area at 9:30 p.m. He was stopped by three lay citizens, who called the police. The testimony at the trial relates primarily to statements that were made by the defendant after Miranda[5] warnings had been given to him. The citizens who called the police and who were concerned about his presence in the area did not testify in the cause. There is a clear inference from this record that the defendant was in the area for the purpose of stripping an automobile located near one of the warehouses. The circumstances surrounding this incident should have been testified to by the individual citizens who observed the defendant's conduct. The elements of this offense were not properly established by the sole testimony of arresting officers who did not observe the circumstances that justified the concern for the safety of property by the lay citizens who made the call. The admissions and explanation of the defendant are not in and of themselves sufficient for conviction on this record. We must reverse the conviction, but in so doing we wish to stress that the circumstances inferred from this record would constitute a violation of Section 856.021, Florida Statutes, if properly established.
See id. (emphasis added). In Ecker, it was necessary for the citizen witnesses to testify in person at trial, because the hearsay rule prohibited the officers from repeating what the citizen witnesses had said.
In the present case, by contrast, the trial court proceeding was an evidentiary hearing on a motion to suppress evidence. Hearsay is admissible in such a proceeding, see Lara v. State, 464 So.2d 1173 (Fla.1985), and the officers' testimony about what the neighbor and victim said came in (quite properly) without objection.
The trial court also felt that the officers were not allowed to arrest defendants for the misdemeanor of loitering and prowling when the officers suspected (and were continuing to investigate) a possible burglary. We disagree. The fact that the officers suspected more serious crimes did not detract from the probable cause that existed to arrest for the misdemeanor offense.[6]

III.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] That tactic worked in this case. The neighbor could only determine that it was a Florida tag as the car sped away. The neighbor did not obtain the license number.
[2] Other cases relied on by defendant include K.R.R. v. State, 629 So.2d 1068, 1070 (Fla. 2d DCA 1994); T.T. v. State, 572 So.2d 21 (Fla. 4th DCA 1990); and Springfield v. State, 481 So.2d 975, 977 (Fla. 4th DCA 1986).
[3] There are exceptions, see, e.g., id. § 901.15(5),(6), and (7), which do not apply here.
[4] Because the decided cases so frequently overlook section 856.031, the legislature should, at the least, cross reference it in section 901.15, Florida Statutes.
[5] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[6] Although we need not decide the point, it may well be that the officers also had probable cause to arrest for the offense of attempted burglary, or at the least, had a founded suspicion to justify detaining defendants until the homeowner could be located.