PER CURIAM.
We initially accepted for review State v. Cortez, 705 So.2d 676 (Fla. 3d DCA 1998), based on alleged express and direct conflict with the opinions in D.L.B. v. State, 685 So.2d 1340 (Fla. 2d DCA 1996), K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994), Freeman v. State, 617 So.2d 432 (Fla. 4th DCA 1993), G.E.C. v. State, 586 So.2d 1338 (Fla. 5th DCA 1991), Lucien v. State, 557 So.2d 918 (Fla. 4th DCA 1990), T.L.F. v. State, 536 So.2d 371 (Fla. 2d DCA 1988), and Springfield v. State, 481 So.2d 975 (Fla. 4th DCA 1986). Upon closer examination, we find that jurisdiction was improvidently granted in this case.
The court below held that section 856.031, Florida Statutes (1997) authorizes the warrantless arrest of a suspected loiterer and prowler despite the fact the circumstances giving rise to the offense were committed outside the presence or observation of the arresting officer. See Cortez, 705 So.2d at 678-79. However, none of the cases alleged to be in conflict address section 856.031 and its effect on warrant-less arrests for the misdemeanor offense of loitering and prowling. Because the decision below is the only case which has addressed the effect of section 856.031 on warrantless arrests for loitering and prowling, there is no express and direct conflict between Cortez and the above-referenced cases.
Accordingly, we decline jurisdiction in this case. This review proceeding is hereby dismissed.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ„ concur.