816 So.2d 827 (2002)
The STATE of Florida, Appellant,
v.
Richie CORNUZ, Appellee.
No. 3D01-2696.
District Court of Appeal of Florida, Third District.
May 22, 2002.
Robert A. Butterworth, Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellee.
Before FLETCHER, SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
The State of Florida appeals from a suppression order based on an argument that was never presented to the trial courtthat in assessing probable cause for a loitering and prowling arrest, other information received but not personally observed by an officer may be considered. Pursuant to the Criminal Appeal Reform Act, section 924.051(1)(b), Florida Statutes (2001), and longstanding case law, this point is waived and we therefore affirm.
The State failed to preserve for review its claim that the circuit court's order is *828 inconsistent with State v. Cortez, 705 So.2d 676 (Fla. 3d DCA 1998). Not only did the State not preserve or present to the circuit court the argument it raises in this appeal, it affirmatively agreed with the circuit court's statement, which was contrary to Cortez, that the validity of a loitering and prowling arrest hinges solely upon the officer's own observations.
Even before the enactment of the Criminal Appeal Reform Act, it was firmly established that "[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla.1985). The Criminal Appeal Reform Act now provides that an issue is properly preserved if "an issue, legal argument, or objection ... was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection ... was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." Fla. Stat. § 924.051(1)(b) (2001).
Affirmed.