909 So.2d 965 (2005)
Andrew Alexander FREEMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1919.
District Court of Appeal of Florida, Third District.
August 31, 2005.
*966 Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Ishir Mehta, Assistant Attorney General, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
WELLS, J.
We affirm Andrew Freeman's conviction finding (1) that the trial court correctly denied Freeman's motion to suppress the fruits of a theft found in Freeman's possession and his statement made following his arrest for loitering and prowling, and (2) that competent evidence was adduced to support Freeman's conviction for grand theft.
Freeman was stopped at approximately 4:30 a.m. on February 13, 2003, as he and co-defendant, Michael Fleneury, crossed South Dixie Highway on bicycles. At the time, they were carrying a large commercial-grade chain saw, a gas-powered weed whacker, a hedge trimmer and two leaf blowers, one electric the other a gas-powered, commercial-grade blower. Freeman was also towing another bicycle along side the one he was riding.
Noticing the substantial amount of lawn equipment and extra bicycle being carried by the two men, Officer Brad Taylor, aware of a recent rash of lawn tool thefts from garages and lawn sheds in the vicinity, *967 approached the two and asked for their names and addresses and for an explanation as to their presence in the area. The men were cooperative and advised Officer Taylor that the lawn gear belonged to Freeman who was taking it to his new residence because he had been "kickedout" of his current apartment by his girlfriend.
After Freeman proved unable to describe the make, manufacture or description of what he claimed to be his own equipment (or the brand name of the expensive cross-country, mountain bicycle that he was riding and said he had purchased), Officer Taylor called for assistance and stayed with the equipment and bicycles while another officer took Freeman about four blocks away to the apartment where he said he and his girlfriend lived. There was no such apartment. Upon learning this, the police arrested Freeman for loitering and prowling and informed him of his Miranda[1] rights.
At this juncture, Freeman gave a second explanation for his conduct, this time stating that he was moving the lawn equipment for someone else who lived in the area. Freeman offered to show Officer Taylor where that person lived. Although Freeman directed Taylor to two different addresses, no one was at either location to verify Freeman's explanation. Freeman was transported to the police station. While he was there, the lawn equipment was identified as that stolen from a utility shed the night before. Freeman was informed for a second time of his Miranda rights and then gave a written statement regarding the theft of the lawn equipment from a shed.
Freeman now claims that there was no probable cause to support his arrest for loitering and prowling and therefore the fruits of that arrest and his subsequent statement should have been suppressed. We disagree finding Thomas v. State, 395 So.2d 280, 280-81 (Fla. 3d DCA 1981), directly applicable. In Thomas, arresting officers believed that the circumstances at the time of Thomas's arrest justified an arrest for loitering and prowling. Thomas maintained that an arrest on that charge was unlawful, and thus that the evidence obtained as a result of that arrest should be suppressed. We affirmed Thomas' conviction finding that there existed, notwithstanding the officers' mistaken and contrary belief, probable cause to arrest Thomas on a charge of burglary. Thus, we concluded that "[w]here, by objective standards, probable cause to arrest for a certain offense exists, the validity of an arrest does not turn on the fact that an arrest was effected on another charge." Thomas, 395 So.2d at 280-81 (citing Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970), and United States v. Ullrich, 580 F.2d 765 (5th Cir.1978)). We went on to observe that "given the existence of probable cause to arrest Thomas for the offense of burglary, the validity of the search of Thomas is unaffected by the fact that the search preceded his formal arrest on that charge." Thomas, 395 So.2d at 281 (citing Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), and Dixon v. State, 343 So.2d 1345, 1347 n. 3 (Fla. 2d DCA 1977)); see also Blanding v. State, 446 So.2d 1135, 1136 (Fla. 3d DCA 1984) ("[a]n arrest based on probable cause is not rendered unlawful because the arresting officer attaches an improper label to it").
"Probable cause to arrest exists when the totality of the facts and circumstances *968 within the officer's knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it. The facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based. An officer is permitted to take a realistic view of the facts in making a probable cause determination, `for probable cause is a matter of practicalities, not technicalities.'" State v. Cortez, 705 So.2d 676, 678 (Fla. 3d DCA 1998) quoting State v. Russell, 659 So.2d 465, 468 (Fla. 3d DCA 1995) (other citations omitted).
Here, Officer Taylor observed two individuals loaded down with lawn equipment and one too many bicycles riding around a commercial neighborhood in the wee hours of the morning, a circumstance not "usual for law-abiding individuals." See State v. Williams, 627 So.2d 97, 98 (Fla. 3d DCA 1993) (wheeling a lawn mower through a residential neighborhood at 11:00 P.M. gives rise to a reasonable suspicion of criminal activity); State v. Jenkins, 566 So.2d 926, 927 (Fla. 2d DCA 1990) (riding bicycle through business section at 1:30 A.M. with a cardboard box on the handlebars provides a basis for a founded suspicion of criminal activity); see also § 865.021(1), Fla. Stat. (2003) (making it unlawful "for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity"). When Officer Taylor inquired about the equipment and Freeman's presence in the area, Freeman was unable to provide even the most basic information about the bicycle and lawn equipment, and lied about his reasons for being there with the equipment.
These facts, we believe, when combined with Officer Taylor's knowledge of a recent rash of lawn equipment thefts from nearby garages and lawn sheds, were sufficient to provide probable cause for an arrest for theft. See Russell, 659 So.2d at 466 n. 1 (confirming that an officer's knowledge of recent crime in an area was a relevant circumstance which could properly be considered to support either a founded suspicion or probable cause). Thus, while the circumstances of this case and Freeman's behavior may not have been sufficient to support a loitering and prowling conviction, a crime for which he was neither tried nor convicted, they were more than adequate to support his arrest.[2] We therefore conclude that there was probable cause for the arrest and that Freeman's motion to suppress was properly denied.
We also find no error or abuse of discretion in the trial court's decision to permit the son of the owner of the lawn equipment (who lived with the owner and who used the equipment on a regular basis) to testify as to its value. See I.T. v. State, 796 So.2d 1220, 1222 (Fla. 4th DCA 2001) (confirming that someone other than a property owner may testify as to the *969 value of stolen property where personal knowledge of the property and its value is demonstrated); Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983) ("one's competency to testify as to the value of stolen property is not so much a question of whether he owns the stolen property as it is a question of his personal knowledge of the property"); see also Ramirez v. State, 448 So.2d 1 (Fla. 3d DCA 1984) (confirming competency of an individual familiar with stolen property and its value to testify regarding same).
Accordingly, we affirm.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The fact that the theft for which Freeman ultimately was charged was not reported until after he was arrested is irrelevant:

[I]t is not essential to a finding of probable cause that the officer be able to relate the person or property to some particular prior crime. An arrest for burglary and a search of a vehicle for the fruits thereof, for example, is not rendered illegal by "the mere fact that, at the time the search and seizure occurred, the officer was unaware of any specific burglary."
Russell, 659 So.2d at 468-69, quoting 2 Wayne R. LaFave, Search & Seizure § 3.6(a), at 32 (footnotes omitted).