992 So.2d 415 (2008)
Jesus LUGO, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D07-798, 3D07-800.
District Court of Appeal of Florida, Third District.
October 15, 2008.
*416 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and RAMIREZ and ROTHENBERG, JJ.
ROTHENBERG, J.
Jesus Lugo ("Lugo") appeals the adjudications of guilt and sentences imposed in case numbers 04-21175, 04-35155(B), 04-35401(A), 04-35403(A), and 04-35506(C), which were entered as a result of his guilty plea to the charges after the trial court denied his motion to suppress his statements.[1] The basis for Lugo's appeal is his claim that his statement, which was given after he was arrested and properly advised of his rights per Miranda[2] and after he freely and voluntarily waived his rights, was illegally obtained because law enforcement lacked probable cause to arrest him. We affirm because (1) when he entered his plea of guilty to the charges, Lugo and the State did not stipulate that the trial court's ruling on Lugo's motion to suppress was dispositive of the charges; and (2) the record supports the trial court's finding of probable cause.
Lugo was arrested for loitering and prowling and he was subsequently charged with, and pled guilty to, burglary, criminal mischief, resisting an officer without violence, and giving a false name after arrest in case number 04-21175; burglary of a dwelling and grand theft in case number 04-35155(B); burglary of a structure in case number 04-35401(A); burglary of a structure in case number 04-35403(A); and burglary of a structure, criminal mischief, and grand theft in case number 04-35506(C).
The evidence leading to Lugo's arrest is as follows. Sergeant Luis and Officer Sanchez responded to an alarm call just after 10:00 p.m. in reference to a burglary in progress at a supermarket at the Palm Center Plaza in Hialeah. The caller additionally stated that two white males were at that location in a red car. Officer Sanchez, who was only two blocks away, was the first officer to arrive. However, Sergeant Luis arrived just behind Officer Sanchez.
*417 As they pulled up to the scene, both officers observed glass on the ground from a broken door to the supermarket, a small red car parked parallel to the glass door on the right shoulder of the street facing the wrong direction, and the co-defendant, Ortiz, located mid-way between the broken glass and the red car, walking towards the red car. The engine of the red car was running and Lugo was seated in the driver's seat. Sergeant Luis testified that he recognized Lugo from a string of smash-and-grab robberies of supermarkets Lugo had committed previously and had served substantial time for, and that he relayed this information to Officer Sanchez. Officer Sanchez additionally noted that a vehicle matching the description of the red car parked outside the supermarket was identified as being involved in a burglary committed previously at that supermarket.
Sergeant Luis detained Ortiz, advised Ortiz of his Miranda rights, and after Ortiz waived his rights, he asked Ortiz what he was doing in the area. Ortiz responded that he did not live in the area, that he had no identification on him, and that they were trying to fix the car. Seeing a bulge in Ortiz's pants pocket, Sergeant Luis patted Ortiz down and retrieved a screwdriver from his pocket. As previously noted, the car "they" were supposedly trying to fix was parked with the engine running and Ortiz was seen walking away from the broken supermarket door approximately fifteen feet away from the red car. Lugo was then detained, read his rights, and was asked if he was "back at it again" (meaning committing burglaries), to which Lugo simply shrugged his shoulders and replied that he was looking for a phone. Both Lugo and Ortiz were arrested for loitering and prowling. During a search of the red car as incident to the arrest, several CD's from another burglary were recovered and later identified by the victim of that burglary. At the station, after Lugo was again advised of his rights, he confessed to committing this burglary and several other burglaries.
We begin our analysis by addressing whether Lugo properly preserved his right to appeal the trial court's denial of his motion to suppress his statements. Although Lugo reserved his right to appeal that ruling when he pled guilty to the charges, neither his lawyer nor the prosecuting attorney stipulated that the trial court's ruling on the motion to suppress was dispositive of the cases and the trial court did not make such a finding. Because Lugo failed to properly preserve his objection(s) to the trial court's findings regarding the motion to suppress, we affirm his convictions. We also affirm on the merits as the officers had probable cause to arrest Lugo for loitering and prowling and/or burglary and/or criminal mischief.
The crime of loitering and prowling provides as follows:
It is unlawful for any person to loiter or prowl in a place, at a time, or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
§ 856.021(1), Fla. Stat. (2004). See also State v. Ecker, 311 So.2d 104, 106 (Fla. 1975) (holding that "the elements of the offense are: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity").
As to the first element, the officers observed Lugo parked on the shoulder of the street after 10:00 p.m., parallel to the broken glass door of a closed supermarket, *418 facing the wrong direction, with the car's engine running. As to the second element, the call went out as a burglary in progress at the supermarket, and the officers arrived within minutes of the call (Officer Sanchez was only two blocks away). The caller identified the suspects as two white males in a small red car. When the officers arrived, they observed that the door of the supermarket had been smashed, and Ortiz was walking away from the broken door towards the small red car where Lugo was seated facing the wrong way with the engine running. When Ortiz was questioned, he was given an opportunity, but he failed, to dispel the officers' alarm. See § 856.021(2) Fla. Stat. (2004). He had no identification on him and he claimed he was trying to fix his car. However, Ortiz was not working on the car, he was fifteen feet away from the car, and the engine was running. When Officer Luis approached Lugo, he immediately recognized Lugo from a string of prior smash-and-grab supermarket robberies. When Lugo was asked what he was doing, the explanation he provided differed significantly from that of Ortiz, (Lugo claimed they were looking for a phone), and thus, he too failed to dispel the officers' alarm.
In reviewing the trial court's ruling on a motion to suppress, the evidence must be interpreted in a manner most favorable to sustaining the trial court's ruling. Connor v. State, 803 So.2d 598, 605 (Fla.2001); Cotton v. State, 901 So.2d 241, 245 (Fla. 3d DCA 2005); see also Nelson v. State, 850 So.2d 514, 521 (Fla.2003) (holding that the trial court's rulings on motions to suppress with regard to determinations of historical fact must be accorded a presumption of correctness).
Applying this requisite standard of review, we find that the trial court's factual findings are supported by the record and these factual findings establish probable cause to believe that Lugo did commit the offense(s) of loitering and prowling and/or burglary and/or criminal mischief. See State v. Caballero, 396 So.2d 1210, 1213-14 (Fla. 3d DCA 1981) (reversing the trial court's order granting the defendant's motion to suppress where the officer observed the defendant running from an alleyway between a gas station and a restaurant at 1:00 a.m., getting into a car parked with the motor running with the lights out, and making a U-turn out of the gas station; and finding that the defendant's explanation that he had pulled into the gas station to make a U-turn was insufficient to dispel the officer's alarm that criminal activity was afoot, thereby establishing probable cause for the offense of loitering and prowling).
We also find that the officers possessed probable cause to arrest Lugo for burglary and/or criminal mischief, and therefore, the trial court did not err in denying Lugo's motion to suppress. See Thomas v. State, 395 So.2d 280, 280-81 (Fla. 3d DCA 1981) (upholding Thomas' conviction where he was arrested for loitering and prowling, there was insufficient evidence to establish probable cause for loitering and prowling, but the evidence established probable cause to arrest the defendant for burglary; and finding that "given the existence of probable cause to arrest Thomas for the offense of burglary, the validity of the search of Thomas is unaffected by the fact that the search preceded his formal arrest on that charge").
Affirmed.
NOTES
[1] Lugo was sentenced to fifteen years incarceration as a prison releasee reoffender in case number 04-35155(B), and to a ten-year minimum mandatory sentence as a violent career criminal in the four remaining cases. The trial court suspended sentencing on the misdemeanor counts.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).