ON MOTION FOR REHEARING

PER CURIAM.
We grant the State of Florida’s motion for rehearing, withdraw our prior opinion filed April 11, 2012, and substitute the following in its place:
D.S., a minor, appeals from a withhold of adjudication of delinquency entered following an adjudicatory hearing. The issue on appeal is whether the trial court erred in not granting his motion to suppress marijuana discovered incident to his arrest for loitering and prowling. We reject the argument raised by D.S. and affirm the trial court.
Officer Collier, the arresting officer, testified at the suppression hearing that he responded to a location in reference to a call on a burglary in progress. He testified that when he arrived at the scene, responding officers had already taken'D.S. out of the home. D.S. was detained, along with the other juveniles found inside the unoccupied home, on suspicion of burglary. Officer Collier testified he spoke to a witness at the scene who observed D.S. and two others breaking down the door to the home in which D.S. was found. Officer Lambert testified that when she arrived at the scene she saw D.S. being escorted out of the house. She also testified that D.S. was being detained in reference to the investigation of the call on a burglary in progress. Officer Lambert searched D.S. prior to placing him in the squad car, and discovered a baggie of marijuana in his pocket. D.S. was arrested by officer Collier for loitering and prowling as well as possession of marijuana. D.S. argues the marijuana should have been suppressed because there was no probable cause to arrest him for loitering and prowling. Therefore, he argues, the search incident to his arrest for loitering and prowling was illegal. We disagree.
Probable cause existed to arrest D.S. for burglary. It is undisputed D.S. was found inside the unoccupied home by the responding police officers. A witness at the scene observed D.S. and two others break down the door to the home. Given this testimony alone, there was probable cause to arrest him for burglary. See State v. Clark, 721 So.2d 1202 (Fla. 3d DCA 1998); McKee v. State, 430 So.2d 983 (Fla. 3d DCA 1983); Brescher v. Pirez, 696 So.2d 370 (Fla. 4th DCA 1997); State v. Cote, 547 So.2d 993 (Fla. 4th DCA 1989).
Even if probable cause to arrest D.S. for loitering and prowling did not exist, the search incident to that arrest is still lawful as there was probable cause to arrest him for another charge, burglary. See Freeman v. State, 909 So.2d 965 (Fla. 3d DCA 2005) (finding that there existed, notwithstanding the officers’ mistaken and contrary belief, probable cause to arrest the defendant on a charge of burglary). We observed in Thomas v. State, that, “[w]here, by objective standards, probable cause to arrest for a certain offense exists, the validity, of an arrest does not turn on the fact that an arrest was' effected on another charge.” Thomas v. State, 395 So.2d 280, 281 (Fla. 3d DCA 1981) (citing Rawlings v. Kentucky, 448 U.S. 98, 100, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), and Dixon v. State, 343 So.2d 1345, 1347 n. 3 (Fla. 2d DCA 1977)); see also Blanding v. State, 446 So.2d 1135, 1136 (Fla. 3d DCA 1984) (“[a]n arrest based on probable cause is not rendered unlawful because the arresting officer attaches an improper label to it”); see also State v. Clark, 721 So.2d 1202, 1206 (Fla. 3d DCA 1998) (“[T]he validity of a search of a defendant after establishing probable cause to arrest him has arisen is unaffected by the fact *484 that the search comes before the arrest.” (quoting State v. James, 526 So.2d 188,190 (Fla. 3d DCA 1988))).
Probable cause to arrest exists when the totality of the facts and circumstances within the officer’s knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it. The facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based. An officer is permitted to take a realistic view of the facts in making a probable cause determination, ‘for probable cause is a matter of practicalities, not technicalities.’
State v. Cortez, 705 So.2d 676, 678 (Fla. 3d DCA 1998) (quoting State v. Russell, 659 So.2d 465, 468 (Fla. 3d DCA 1995) (internal citations omitted)). Therefore, even if no probable cause existed to arrest D.S. for loitering and prowling, as long as there was probable cause to arrest him for burglary, the search incident to arrest was lawful.[1] See Lugo v. State, 992 So.2d 415, 418 (Fla. 3d DCA 2008); State v. Orozco, 607 So.2d 464, 465 n. 1 (Fla. 3d DCA 1992).
Accordingly, the fact D.S. was arrested for loitering and prowling does not render the search incident to arrest unlawful, or the marijuana discovered pursuant to that search subject to suppression as the fruit of an illegal search and seizure.
Affirmed.

. This Court is bound by its own precedent of Freeman and nomas. Further, those cases relied upon by the appellant are inapplicable to the case at hand. The appellant's reliance on stop-and-frisk cases is misplaced because these facts do not concern a temporary stop or detention pursuant to the Stop and Frisk Law, but rather a search incident to arrest. See Thomas, 395 So.2d at 281. Similarly, the loitering-and-prowling line of authorities cited by the appellant are not applicable, where here, an eyewitness observed and reported D.S. breaking down the door to the unoccupied home where he was found.