# Third District Court of Appeal

**State of Florida**

Opinion filed March 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-527
Lower Tribunal No. 12-371-K
_____


**Peter Josephson Hawxhurst,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.


Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Peter Hawxhurst entered a plea of nolo contendere to the charge of possession of cocaine, expressly reserving the right to appeal the dispositive order of the trial court denying his motion to suppress.[1]  We hold that there was no error in the trial court's denial of the motion to suppress, as there was probable cause to arrest Hawxhurst for the crime of criminal mischief.

Generally, a police officer may make a warrantless misdemeanor arrest only if it is committed in the presence of the officer.  See § 901.15(1), Fla. Stat. (2014). However, there are a number of statutory exceptions, one of which permits a warrantless misdemeanor arrest when the officer has probable cause to believe the defendant has committed the offense of criminal mischief, even if it was not committed in the presence of the officer.  See § 901.15(9)(b) (providing that a "law enforcement officer may arrest a person without a warrant when: . . . [t]here is probable cause to believe that the person has committed. . . [a]n act of criminal mischief or a graffiti-related offense as described in section 806.13").

Although the officer testified that he arrested Hawxhurst based upon probable cause to believe Hawxhurst committed a violation of a domestic violence injunction,[2] the very same facts upon which the officer relied (and upon which the trial court based its determination) established probable cause to arrest Hawxhurst

[1] See Fla. R. App. P. 9.140(b)(2)(a)(i).
[2] See § 901.15(6), Fla. Stat. (2014) (authorizing warrantless arrest where there is probable cause to believe the person has committed a criminal act which violates an injunction for protection against domestic violence).

for criminal mischief. In the context of a motion to suppress, the trial court's determination of historical facts are accorded a presumption of correctness, which we review under a standard of competent, substantial evidence, interpreting the evidence and reasonable inferences in a manner most favorable to sustaining the trial court's ruling. Nelson v. State, 850 So. 2d 514, 521 (Fla. 2003); Pagan v. State, 830 So. 2d 792, 806 (Fla. 2002); Connor v. State, 803 So. 2d 598, 608 (Fla. 2001).

By contrast, we review *de novo* the trial court's determination of whether those historical facts constitute probable cause. Ornelas v. United States, 517 U.S. 690, 696-97 (1996); Pagan, 830 So. 2d at 806. Moreover, the concept of probable cause is grounded upon a standard of objective reasonableness. Ornelas, 517 U.S. at 696 (noting that "[t]he principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause") (emphasis added). Therefore, a police officer's subjective belief regarding the existence or non-existence of probable cause for a warrantless arrest is neither dispositive of, nor generally relevant to, this issue. See e.g., Thomas v. State, 395 So. 2d 280, 281 (Fla. 3d DCA 1981) (holding that the established facts supported a determination of probable cause to arrest

3

defendant for burglary "notwithstanding the officers' mistaken and contrary belief" that probable cause did not exist for that offense). See also Davison v. State, 15 So. 3d 34 (Fla. 1st DCA 2009) (holding that the stop of a vehicle was valid notwithstanding officer's mistaken belief that defendant committed violation of a particular traffic law, where facts established probable cause to believe defendant committed violation of a different traffic law); Jackson v. State, 660 So. 2d 312 (Fla. 2d DCA 1995) (holding that the stop of a vehicle could not be justified on officer's mistaken belief that traffic laws prohibited driving a vehicle with a broken rear window).

Thus, even if we were to conclude the officer did not have probable cause to arrest Hawxhurst for violation of a domestic violence injunction (a question we do not reach[3]), we hold the arrest was nevertheless valid as it was supported by

_____

[3] Although there was a domestic violence injunction in place prohibiting Hawxhurst from having any contact with his mother, it had been modified to prohibit Hawxhurst from having any "harmful contact" with his mother. The police department's computer system contained the original injunction prohibiting any contact, but not the subsequently-modified injunction which prohibited only "harmful contact." Hawxhurst argued below that the officers could not rely upon the terms of the original injunction, see White v. State, 660 So. 2d 664 (Fla. 1995), and that, under the terms of the modified injunction, the officers did not have probable cause to arrest him for violation of the injunction. The State countered that the holding in White was no longer viable following the decision of the United States Supreme Court in Herring v. United States, 555 U.S. 135 (2009), and that, because the officers acted in good faith reliance upon the information and that any error in the computer system was the result of mere negligence, the arrest was valid. The trial court, while denying the motion to suppress, held that White remained good law and that the police could not rely upon the terms of the original injunction as justification for the arrest. The State cross-appealed this portion of

4

probable cause to believe Hawxhurst committed the offense of criminal mischief. See Thomas, 395 So. 2d at 280-81 (noting that "[w]here, by objective standards, probable cause to arrest for a certain offense exists, the validity of an arrest does not turn on the fact that an arrest was effected on another charge"). See also D.S. v. State, 122 So. 3d 482 (Fla. 3d DCA 2013); Freeman v. State, 909 So. 2d 965 (Fla. 3d DCA 2005); Moss v. State, 512 So. 2d 328 (Fla. 3d DCA 1987).

Because we affirm on this basis, we do not address the merits of the State's cross-appeal.

Appeal affirmed. Cross-appeal dismissed as moot.

___

the trial court's order.